DAVIDSON *vs.* ROGERS.

1. Without being excepted to, a judgment quashing a mortgage *fi. fa.* at the instance of the claimant, though erroneous, cannot be reversed on writ of error.
2. A motion to reinstate a claim case, put upon a specific ground wholly insufficient, should be denied though another ground, had it been taken, would have been meritorious and available.
3. Where the affidavit to foreclose a mortgage upon personalty was held bad because the *jurat* was unsigned, and the *fi. fa.*, for that reason, was quashed, a motion to reinstate on the ground that the affidavit was in fact sworn to, and the magistrate omitted to subscribe the *jurat* by mistake or oversight, will not prevail, no error in granting the motion to quash being alleged in the motion to reinstate, and it appearing that no showing as to these facts, nor any offer to amend the *jurat*, was made when or before the order to quash was passed.

November 10, 1887.

Judgments. Claims. Mortgages. Practice in Supreme Court. Practice in superior court. Before Judge LUMPKIN. Washington superior court. March term, 1887.

Reported in the decision.

J. A. ROBSON, for plaintiff.

J. H. LUMPKIN, for defendant.

BLECKLEY, Chief Justice.

The *fi. fa.* was quashed at a term of the court, Judge ESTES presiding. If quashing a *fi. fa.* at the instance of the claimant means anything more than dismissing the levy, of course that was erroneous; because the claimant had no business to quash a *fi. fa.* between other parties. That has been ruled perhaps two or three times by this court. But here no exception was taken. The course pursued was this: The plaintiff who suffered by this erroneous ruling made a motion at that term to reinstate, on account of two facts, not alleging any error, but seeming to acquiesce in the legal correctness of the ruling. The two facts embraced in the sole ground of the motion were, (1) that the affidavit was actually sworn to; and (2) that the omission to subscribe the *jurat* by the justice of the peace, was by mistake or oversight. There was no explanation made or offered as to why these facts were not presented to the court before the erroneous judgment was made. Nor is there any suggestion that any offer was made to amend, or any request preferred for time to amend.

The motion remained pending until the next term of the court, at which Judge LUMPKIN presided. Coming up then to be heard, it was overruled. In the record it is expressly stated that no application to amend had been made to Judge ESTES at the preceding term, and no showing that the affidavit was actually sworn to, or why the *jurat* was unsigned. We think the final ruling was correct. The facts alleged as a ground for reinstating the case, were somewhat in the nature of new, but not of newly-discovered, evidence; they must have been known when the defect in the *jurat* was first noticed, because the affidavit was made by the attorney for the plaintiff, the same attorney who was managing the case at the time when the erroneous decision quashing the *fi. fa.* instead of dismissing the levy occurred. Had a motion to amend the *jurat* been presented at the right time, and supported

by the proper showing, not even a dismissal of the levy would have taken place.

The head-notes rule the case upon every point necessary to dispose of it correctly.

Judgment affirmed.