MAYNARD & CHEEVES *v.* RENDER.

1. A written contract for the purchase of a stated number of "cords of wood," the contract being silent as to the lengths into which the wood was to be cut, is so far ambiguous as to render parol evidence admissible to show what was the real agreement of the parties in this respect. In such a contract the significance of the word "cords" would, without explanation, relate to quantity, and not to the lengths or shapes of the sticks of wood. If the contract was to deliver so much "cord wood," the significance of the words just quoted would be otherwise.

2. Where under a contract to deliver a certain number of "cords of wood" at a given point, at a time certain and upon an agreed price, the seller so far complies with his agreement as to deliver the wood, but the same is not cut into lengths required for "cord wood," if the purchaser have an opportunity to inspect the wood, he must either accept or reject the whole. If he accept a part without objection, he will not thereafter, upon a suit for the contract price, be heard to object that the wood was not cut in accordance with his understanding of the agreement between himself and the seller.

March 2, 1895.

Action on contract. Before Judge Ross. City court of Macon. March term, 1894.

HARDEMAN, DAVIS & TURNER, for plaintiffs in error.

ORVILLE A. PARK, *contra.*

ATKINSON, Justice.

1. It appears from the record, that the plaintiff sued the defendants for a certain number of cords of wood, for which it was alleged that the defendants were indebted under a written contract, a copy of which is as follows:

"Macon, Ga., July 6th, 1893. We promise to pay James L. Render, on delivery of 120 cords of oak and hickory wood on right of way of Macon & Birmingham railroad, near Snelson, Ga., by September 1st, $1\frac{10}{100}$ per cord, c. o. d.    (Signed)   Maynard & Cheeves."

The plaintiff offered evidence to show that at the time the contract was entered into, he informed the defendants that the wood he offered to sell and which he would undertake to deliver under the contract above stated, was a job lot of wood cut by him in clearing land; that its length was irregular, being on an average about twelve feet long, and that the defendants thoroughly understood that the wood was over eight feet long. To the introduction of this testimony objection was made, on the ground that parol evidence is inadmissible to vary a written contract. We think the testimony was admissible. The contract was for the purchase of a

stated number of cords of wood, and, being silent as to the lengths into which the wood was to be cut, is so far ambiguous upon that point, as that parol evidence was admissible to explain the real contract between the parties. The word "cords," according to our interpretation of this contract, would, without explanation, relate to the quantity of wood to be delivered, and would not necessarily fix either the lengths or shapes of the sticks of wood. The contrary would have been true if the contract had been for the delivery of so much *cord wood.* The employment of the latter term would have signified an undertaking to deliver wood cut in cord wood lengths. The court, therefore, committed no error in admitting the testimony offered.

2. It appears from the evidence, that though the wood tendered at the time and place of delivery was of irregular lengths, the defendants had a full opportunity to inspect it, and yet, notwithstanding this fact, they accepted a considerable portion thereof without any objection that it was not cut in conformity with their understanding of the agreement between the parties. If this were true, the purchasers were not, in the first instance, bound to accept any of it. They could have repudiated the entire agreement and rejected the whole; but having elected to accept a portion, they are bound by their election, and must receive it all. Under this latter view of this case, the verdict was right, was in harmony with the weight of the evidence; and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed*