## HOLLIS *v.* RODGERS, WORSHAM & COMPANY.

1. It appearing to the court, upon the trial of a claim case, that there was a defective description in the entry of levy upon the property in dispute, it was not erroneous for the court to suggest an amendment and allow the same to be made by the sheriff accordingly.

2. The evidence was sufficient to sustain the verdict; the charge complained of was not erroneous, and no reason therefore appears why the judgment overruling the motion for a new trial should be disturbed.

Submitted October 21, — Decided November 19, 1898.

Levy and claim.      Before Judge Butt.      Talbot superior court.
May 2, 1898.

In the entry of levy the property was described as follows::
"One hundred and fifty acres of land off of lot number 131;
also on one hundred acres of land off of lot number 158, south
part of said lot, all lying and being in the 17th district of
Talbot county; levied on as the property of the defendant,
M. W. Hollis.   Property pointed out plffs.' atty."   The amend-
ment was as follows: ."The above levy amended by order of
the court, so as to read as follows: The southwest corner of lot
of land No. 131 and south part of lot of land No. 158."
(Dated, and signed by the sheriff.)

*J. M. Mathews* and *C. J. Thornton*, for plaintiff in error.
*J. J. Bull*, contra.

SIMMONS, C. J.      An execution against M. W. Hollis was levied
on certain land to which a claim was interposed by his wife.
On the trial the jury returned a verdict finding the property
subject; and the claimant's motion for a new trial being over-
ruled, she excepted.

1. The entry of levy upon the property in dispute was defec-
tive, in that it was exceedingly indefinite as regards the descrip-
tion of the premises levied on.   The court suggested, however,
that this defect might be cured by amendment, and thereupon,
on motion of the plaintiffs, the sheriff was permitted to amend
his entry so as to conform to the facts.   To this action of the
court exception is taken.   We see no merit in the complaint
urged that it was improper for the trial judge, on his own mo-
tion, and in the presence of the jury, to suggest this needful
amendment.   The entry of levy, though defective as to de-
scription, was not void for uncertainty.   *Elwell* v. *New England
Mortgage Security Co.*, 101 *Ga.* 496.   Section 5116 of the Civil
Code expressly provides that: "The sheriff or other executing
officer may amend his official entries and returns so as to
make such entries and returns conform to the facts of the case
at the time such entry or return was made."   Even where
the executing officer fails altogether " to make an official return

which by law he should have made, such entry or return may be made nunc pro tunc by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." Civil Code, §5117. So, where it appears upon the trial of a case that the entry made by the officer is defective, the same may be amended instanter. "The sheriff may do this of his own motion, or the court, upon sufficient evidence, may order the sheriff to amend the levy so as to make it conform to the facts of the case." *Hollis* v. *Sales,* 103 *Ga.* 75. It will therefore be seen that the action of the court deprived the claimant of no substantial right, but merely had the effect of so directing the progress of the trial that the real question at issue might be properly presented and passed upon.

2. It appears from the record that suit was instituted against Hollis on February 20, 1894. Judgment against him was rendered during the following September term of the court. The claimant relied on a deed from her husband, dated July 30, 1894, made in consideration of an alleged past indebtedness to her, which she testified arose as follows: In 1872, she got $175.00 from an aunt, which amount she immediately loaned to her husband, who agreed to pay her 12 per cent. interest. At the end of each succeeding year a settlement was had between them, whereupon both the principal and interest were again loaned to him. As to this account of the transaction between them, the claimant was corroborated by the testimony of her husband, who further swore that at the date of the execution of his deed to her the indebtedness amounted to "over fourteen hundred dollars," and the deed was made in consideration of $800 of the amount stated. In this connection, the court charged the jury: "Transactions between husband and wife to the prejudice of his creditors are to be scanned closely and the bona fides clearly established; and a conveyance by the husband to his wife, made pending suit against him and only a few days before the rendition of judgment, and leaving him nothing out of which payment of the judgment can be collected, is prima facie fraudulent, and this you must determine from the evidence. And if the wife claimed her husband was indebted to her, you can look to see if the husband did owe her; look to

how long he owed her, what rate of interest was charged, look to all the testimony to see if the conveyance was bona fide." Exception is taken to this charge, on the ground that "reference to the interest and the time the debt was owing is error." We fail to perceive any error in this charge. It was peculiarly well adapted to the facts of the present case. The transaction between the claimant and her husband was a matter calling for close scrutiny by the jury, and it was clearly within the province of the court to direct their attention to such of the details as would seem to furnish light upon the all-important question whether the alleged contract did, or did not, betray itself as fraudulent. Anything out of common appearing in alleged dealings between a husband and his wife should invariably be looked to in passing upon the bona fides of the same. Certainly, the payment of 12 per cent. interest, compounded annually, may be said to be outside the scope of usual and legitimate business transactions; while a contract of such suicidal tendency, covering a period of over twenty years, with the results testified to, is neither more nor less than remarkable. That the jury took this view of the transaction between Hollis and his wife is not, therefore, sufficient to excite surprise; and we share in common with the trial judge the opinion that the evidence before them touching the bona fides of her claim to the property levied on warranted a finding in favor of the plaintiffs in fi. fa.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*