## MORRISON & McRAE v. ANDERSON.

LUMPKIN, P. J.  A claimant of property levied upon has no right to make a motion to quash the attachment or judgment upon which the execution is based, or the execution itself.  His only concern being that the process shall not be enforced by a seizure and sale of his property, his remedy, in a case where such a motion would be good if presented by the proper party, is to move to dismiss the levy.  *Bosworth* v. *Clark*, 62 *Ga.* 286 ; *Morton* v. *Gahona*, 70 *Ga.* 569 ; *Krutina* v. *Culpepper*, 75 *Ga.* 602 ; *Gazan* v. *Royce*, 78 *Ga.* 512 ; *Davidson* v. *Rogers*, 80 *Ga.* 287.

*Judgment reversed.  All the Justices concurring, except Fish , J, absent.*

Submitted May 23, — Decided June 7, 1900.

Levy and claim.    Before Judge Smith.    Montgomery superior court.    November term, 1899.

*J. B. Geiger*, for plaintiffs.

---

## PEARCE & WILLIAMS v. BORG CHEWING-GUM COMPANY.

SIMMONS, C. J.  Where the purchaser of goods seeks to avoid the contract of purchase on the ground of fraud, he must, upon the discovery of the facts constituting the fraud, upon his first opportunity to do so, announce his purpose to rescind.  If he remain silent and retain possession of the goods received under the contract, without complaint, until long after the discovery of the facts, he will be held to have waived the objection and will be bound by the contract as though there had been no fraud.  *Smith* v. *Estey Organ Co.*, 100 *Ga.* 628, and cases cited.  This is especially true where the purchaser endeavors to rescind the contract in part only.  *Maynard* v. *Render*, 95 *Ga.* 652.

*Judgment affirmed.  All the Justices concurring, except Fish, J., absent.*

Submitted May 18, — Decided June 8, 1900.

Complaint.    Before Judge Willis.    City court of Columbus. October term, 1899.

*C. R. Williams* and *W. A. Wimbish*, for plaintiffs in error. *W. H. McCrory*, contra.