## DURRENCE, administrator, *v.* NORTHERN NATIONAL BANK OF PHILADELPHIA.

1. Where a deed which appears on its face to be entitled to record is filed for record in the office of the clerk of the superior court of the county in which the land lies, it takes effect, as against third persons without notice, from the time it is so filed, and it is admissible in evidence as "a registered deed," without further proof of its execution, although the clerk may have failed to record it or may have recorded it in the wrong book.

2. Where a deed to lands in this State was executed out of the State, and attested by two witnesses, one of whom signed as a notary, with the certificate of a clerk of a court of record of the State and county wherein the deed was executed, this was prima facie sufficient, under the Civil Code, § 3621, before its amendment, to admit the deed to record, although the certificate did not show whether the notary held his appointment under the court or had been appointed by the Governor of the State.

3. A discrepancy in the dates of the deed and the certificate, clearly and evidently due to a clerical error, will be disregarded when the certificate is then sufficient.

4. A witness should not be permitted to testify directly and without qualification that another acted in good faith and without notice.

Argued February 12, — Decided March 13, 1903.

Levy and claim.    Before Judge Evans.    Tattnall superior court. May 9, 1902.

*J. V. Kelley* and *James K. Hines*, for plaintiff in error.

*J. P. Moore* and *Isaiah Beasley*, contra.

SIMMONS, C. J.    To certain land levied on as the property of Brewton, W. H. Durrence, administrator of H. J. Durrence, filed a claim.    Upon the trial of the claim case it appeared that on December 26, 1894, the defendant in fi. fa. had made a deed to the land here involved, to Craig & Co., as security for a debt, taking a bond for titles to reconvey upon the payment of the debt.    This deed

was filed for record on January 25, 1895.    Craig & Co., on January 22, 1895, executed a deed to this land to the plaintiff in fi. fa., at the same time transferring to it the debt also.    After securing judgment and execution on the debt, the plaintiff in fi. fa. made a quitclaim deed to Brewton, so that the execution might be levied upon the land.    The claimant relied upon a deed from Brewton, executed December 30, 1895.    The jury returned a verdict finding the property subject.    The claimant made a motion for a new trial.    It was overruled, and he excepted.

1. When the deed from Brewton to Craig & Co. was tendered in evidence, the claimant objected to it, on the ground that its execution had not been proved, and that it had never been properly recorded.    It was a security deed and had been duly filed for record in the office of the clerk of the superior court.    That officer made on it an entry showing that it had been so filed, but he recorded it, not in a book of deeds, but in a book kept for the record of mortgages.    As the code provides that the clerk shall keep separate books for the record of deeds and mortgages, and as in this State security deeds must be treated as deeds and not as mortgages, it was contended that this deed had never been recorded. However this may be, we think that, since the act of 1889, the actual copying of a deed is not essential either to admit it in evidence without proof of its execution or to give to the grantee the protection of the registry acts.    The filing for record is all that is necessary.    Since the passage of the act named, a deed takes effect, as against the interests of third persons without notice, from the time it is " filed for record in the clerk's office ; and the said clerk is required to keep a docket of such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office."    Civil Code, § 2778.    Under this section of the code, all that is required of the grantee and all that he can do is to file his deed for record.    The actual recording is the duty of the clerk, and the statute does not contemplate that a failure on the part of the clerk to perform this duty or an erroneous performance of it shall operate to defeat the grantee who has properly filed his deed.    That this is true relatively to the preference given him over a subsequent purchaser is manifest from the code, and has been recognized in numerous decisions of this court.    Relatively to the admission of the deed in

evidence without proof of its execution, we think it follows from a proper construction, in connection with the statute just referred to, of the Civil Code, §3628, to the effect that "a registered deed shall be admitted in evidence in any court in this State without further proof," unless an affidavit of forgery be filed.    Under the old law, when the actual record of the deed was necessary to give it priority, actual record was necessary for its admission in evidence without further proof.    Until actual record it was not then "a registered deed."    Now, however, when a deed has full effect from the moment it is filed for record, it becomes from that moment "a registered deed" within the meaning given that term in the code.    That the clerk has failed in his duty to properly record the deed is no reason for excluding it from evidence until its execution is proved, for such failure does not change the character of the deed as "registered."    The presumption of execution arises when it is shown that a deed which is apparently regular and entitled to registration has been duly filed for record.

2. The deed from Craig & Co. to the plaintiff and that from the plaintiff to Brewton were objected to on the ground that they were not so attested as to entitle them to record in this State.    These deeds were executed in the State of Pennsylvania and the county of Philadelphia, and each was attested by two persons, one of whom signed as notary public.    Attached to each was a certificate by the clerk of a court of record of that State and county, under the seal of the court, that the court of which he was clerk was a court of record, that the notary's signature was genuine, that the notary. was, at the time of the acknowledgment of the deed, a notary public for the Commonwealth of Pennsylvania, residing in the county of Philadelphia, duly commissioned and qualified to take acknowledgments and attest deeds, that the instrument was executed in conformity with the laws of Pennsylvania, and that the clerk signing the certificate was authorized by the laws of that State to make this certificate.    The objection made was that the clerk's certificate did not show whether the person signing as notary public held his appointment from the court or had been appointed by the Governor of the State.    The Civil Code, § 3621, provides that a deed to lands in this State may be executed out of the State and be admitted to record here, if attested "by a notary public of the State and county where executed, with a certificate

under the seal of the court from the clerk of the court under which the notary holds his appointment, or, if appointed by the Governor, then with a certificate from the Secretary of State, certifying that said notary was, at the time of the execution of the deed, regularly commissioned and authorized by law to attest deeds and take acknowledgments thereof. " This section does not require the certificate of the clerk, or in a proper case of the Secretary of State, to contain any statement with reference to the power under which the notary holds his appointment. If the appointment is under the court, then the clerk must make the certificate required by the code; if the appointment is made by the Governor, then the Secretary of State must make the same certificate. The legal presumption is in favor of the validity of the acts of public officers, where nothing appears warranting a different conclusion. People *v.* Snyder, 41 N. Y. 402. When there is a certificate by a clerk of a court of record or by the Secretary of State, it will be presumed, in the absence of anything to the contrary, that the notary's appointment was such as to render the certifying officer the proper one to make the certificate. Prima facie the certificate is sufficient, and the officer will be presumed to have been the one authorized to make the certificate. Of course, if it appear in any way that this is not true, his certificate would be of no effect. By amendment this code section has been changed (see Acts. 1900, p. 52; Van Epps' Code Supp. § 6184), but this decision is made with reference to its meaning before the change, as the amendment does not apply to the present case.

3. One of these deeds was further objected to on the ground that the deed was dated November 18, 1898, while the certificate of the clerk was dated November 2, 1898. Of course the clerk's certificate can not properly be made before the execution of the deed to which it is attached, but in the present case the trouble is very evidently occasioned by a clerical error, and such errors may be disregarded. 1 Devlin, Deeds (2d ed.), § 471. Where the dates in a similiar certificate were such that the certificate did not show the qualification of the attesting notary at the time the deeds were executed, or for years afterward, and this was evidently due to a clerical error, the certificate was held to be sufficient. Quimby *v.* Boyd, 8 Colo. 204. Here the date of the deed is in the body of the instrument, and occurs but once. The certificate of the clerk

is dated sixteen days earlier. The clerk certifies that the notary was regularly commissioned and duly authorized to attest the deed at the time of its execution and acknowledgment. The deed was evidently executed and acknowledged before the time indicated by its date, or else there is a clerical error in the date of the certificate of the clerk. If either the deed or the certificate were without date, the certificate would be sufficient, for it certifies as to the authority of the notary at the time of the attestation of the deed. Under such circumstances, the error will be disregarded and full effect given to the certificate that the notary had authority to attest the deed at the time that he did so.

4. The only remaining ground of the motion for new trial complained that the court refused to permit Brewton to testify that H. J. Durrence bought the land "in good faith and without notice of the deed from" Brewton to Craig & Co. From the brief of evidence it appears that the witness was allowed to testify that, so far as the witness knew, Durrence had no notice of the title of Craig & Co. The ruling of the court, excluding the evidence above set out, was correct. While a vendee may testify that he bought without notice (*Hale* v. *Robertson*, 100 *Ga.* 168), no one else can do so, though such other witness may testify as to facts tending to show that the vendee had no notice and especially that he had no notice from the witness. It is not competent for a witness to testify directly as to another's intention. Cihak *v.* Klekr, 117 Ill. 643; Manufacturers Bank *v.* Koch, 105 N. Y. 630; 1 Jones, Ev. § 167; note, 21 Am. St. Rep. 314. Brewton testified that, so far as he knew, Durrence bought without notice; to allow him to state without qualification that the vendee had no notice whatever from any source would be to allow him to testify as to a matter which he could not possibly know to be true. So, while a vendee may be allowed to testify as to his own good faith, this is something which no one else can possibly know, and to which, therefore, no one else should be allowed to testify directly.

*Judgment affirmed.  By five Justices.*