## FERGUSON v. McCOWAN et al.

124 669
d125 362

1. Where the description in a deed to personalty is so general that the property sought to be thereby conveyed can not be distinguished from the general mass of articles of a similar nature, the instrument is void for uncertainty.
2. The mere allegation that the court refused to permit the plaintiff "to show by [a named witness] that the property sued for was the property of" the plaintiff, is not a good assignment of error.
3. The granting of the nonsuit was proper.

          Argued November 28, 1905.—Decided January 12, 1906.

   Complaint. Before Judge Hodges. City court of Macon. June 14, 1905.

   Horace A. Ferguson sued R. F. McCowan and Furman D. Lawton for the value of certain furniture, books, and surgical instruments, alleged to be the property of plaintiff and to have been unlawfully seized and sold by the defendants. "After showing the sale as alleged and the value of the property sued for, the plaintiff offered

in evidence the following deed to show title in plaintiff:" a warranty deed from E. G. Ferguson to the plaintiff, purporting to convey, besides other personalty, "office furniture and bedroom furniture consisting of tables, chairs, bedstead, bedding, &c., and books, surgical instruments, &c." On objection by defendants this instrument was excluded from evidence, upon the ground that the property sought to be therein conveyed was not sufficiently described. Plaintiff then offered to prove by the maker of the deed that the property seized and sold by the defendants was the same as that described in this instrument. The court refused to permit the witness to so testify. The court also refused to allow the plaintiff "to show by [the maker of the instrument] that the property sued for was the property of" the plaintiff. "Plaintiff showed by said witness that there was no other writing purporting to convey said property sued for, except the deed offered in evidence." There being no other evidence, the court granted a nonsuit, and the plaintiff excepted, assigning error upon the rulings of the court in rejecting evidence and in granting a nonsuit.

*M. G. Bayne,* for plaintiff.    *T. J. Cochran, F. R. Martin, J. L. Lawton,* and *Westmoreland Brothers,* for defendants.

FISH, C. J. (After stating the facts.)   1. "A deed must itself contain descriptive words with respect to its subject-matter, such as will enable a third person to apply the same to the locus in quo without resorting to any secret and undisclosed intention on the part of the parties thereto." *Huntress* v. *Portwood,* 116 *Ga.* 351, 355. There were no such words describing the property sought to be conveyed, in the instrument offered in evidence in the present case, as would enable a third person, without resorting to the secret or undisclosed intention of the parties thereto, to apply the description to any particular office or bedroom furniture, or to any specific books or surgical instruments. In other words, there was nothing in the writing by which the personalty sought to be conveyed could be distinguished from the general mass of similar articles. In this connection see *Stewart* v. *Jaques,* 77 *Ga.* 365, 368; *Hampton* v. *State,* ante, 3, and cit. The instrument was void for want of sufficient description of the property sought to be conveyed. This being true, it follows that the court did not err in refusing to allow it to be introduced in evidence, nor in refusing to permit the

maker thereof to testify that the property taken and sold by the defendants was the same as that described in such writing.

2. The mere allegation in the bill of exceptions that the court refused to allow the plaintiff "to show by [the maker of such instrument] that the property sued for was the property of" the plaintiff, is not a good assignment of error, as it is not stated how or by what character of evidence such fact was attempted to be shown by the witness.

3. There being no evidence to support the allegations in the petition, the granting of a nonsuit was proper.

*Judgment affirmed. All the Justices concur.*