1473.    ROSSITER MACGOVERN & COMPANY *v.* CARROLLTON ELECTRIC LIGHT COMPANY *et al.*

POWELL, J.    1. The claimant to the fund sought to be subjected to an attachment through the service of summons of garnishment is not entitled to move to dismiss or quash the attachment; his remedy is to move to dismiss the levy, if for any reason the attachment is defective. *Morrison* v. *Anderson,* 111 *Ga.* 847 (36 S. E. 462), and cit.; *Carreker* v. *Thornton,* 1 *Ga. App.* 511 (57 S. E. 988).

2. Where an attachment against a non-resident is levied by service of summons of garnishment, and the garnishee files an answer in the nature of an interpleader, admitting possession of certain property asserted to be the property of the defendant, but claimed also by a third person, between which rival claims he is unable to decide, and this third person files a statutory claim and dissolves the garnishment, and the plaintiff traverses the answer and asserts that the property is subject, it is not error to overrule a motion to dismiss the proceedings, on the ground that the court is without jurisdiction because no property or fund was caught by the attachment, the motion being made before the court has determined the issue raised by the traverse and the claim. *Small* v. *Mendel,* 96 *Ga.* 532 (23 S. E. 834).

3. Grounds of a motion for a new trial, excepting to the admission of writings, will not be considered, unless the substance of the writings appears in the motion itself or in an exhibit attached thereto. Incorporation of copies of the writings into the brief of the evidence is not sufficient.

4. The judgment of the court, in the nature of a verdict, is not without evidence to support it.                              *Judgment affirmed.*

Levy and claim, from city court of Carrollton—Judge Hodnett. October 16, 1908.

Submitted December 11,—Decided December 23, 1908.

*Beall & Adamson,* for plaintiffs in error.

*Brown & Roop,* contra.