### ALBANY NATIONAL BANK *v.* GEORGIA BANKING COMPANY.

ATKINSON, J. 1. Where it appears, from a comparison of recitals in a chattel mortgage with the certificate entered thereon as to filing for record, that only an unofficial witness attested the mortgage before it was so filed, and attached to the mortgage is an affidavit by the subscribing witness, made before a notary public, proving the execution of the mortgage, but bearing date next after that of the certificate as to the filing of the mortgage for record, and that on the date of such probate the mortgage was actually recorded in the book kept for record of such mortgages in the clerk's office of the superior court, the mortgage so executed and recorded is admissible in evidence.

2. That on the day next following the date of the certificate as to the filing of the mortgage for record, as shown by uncontradicted evidence, the clerk permitted the mortgagee to take the mortgage out of the clerk's office to that of a notary public and procure before such notary the affidavit of the subscribing witness proving the execution of the mortgage, and then return the affidavit and mortgage to the clerk's office for record, would not render the mortgage inadmissible in evidence.

(a) The return of the mortgage to the office of the clerk of the superior court under the circumstances just enumerated would, in effect, amount to "filing" for record.

3. Under the Civil Code, §§ 3259 and 3320, the lien of such mortgage as against other mortgagees will take effect from the date of the record.

(a) The fact that no certificate of filing for record was entered on the mortgage after it was so returned to the clerk's office, and that the certificate of filing, which had been entered on it before the affidavit for probate was procured, was not signed by the clerk, but in his absence his name was signed to such certificate of filing by the deputy clerk, would not defeat the lien of the mortgage, or the effect of the subsequent filing and record.

4. Where a chattel mortgage so executed and recorded comes in competition with a senior mortgage which was not recorded until after the record of the former, the junior mortgage is entitled to priority, it not appearing that the junior mortgagee had notice of the prior unrecorded mortgage. Civil Code, § 3260.

5. The cases of *Durrence* v. *Northern National Bank*, 117 *Ga.* 385 (43 S. E. 726), and *Greenfield* v. *Stout*, 122 *Ga.* 303 (2), 305 (50 S. E. 111), differ in their facts from the present case.

6. There was no conflict of evidence requiring submission of the case to the jury.                    *Judgment affirmed.   All the Justices concur.*
                          MARCH 12, 1912.

Money rule.   Before Judge Frank Park.   Dougherty superior court.   March 28, 1911.

*Pope & Bennet,* for plaintiff in error.   *R. J. Bacon,* contra.