## 5140. MERRICK *v.* TAYLOR *et al.*

1. The filing of a mortgage in the office of the clerk of the superior court of the county in which the land lies is, from the time of its filing, notice to the world of its existence; and therefore the lien of a mortgage so filed, though not properly recorded, is superior to that of common-law executions entered on the docket after the filing of the mortgage.
2. The book kept by the clerk as a general execution docket was a substantial compliance with the law; and if in a given instance an execution was improperly indexed, and third persons were thereby misled to their injury, their remedy, if any, would be against the clerk; but the fact that the execution was so improperly entered would not prevent the entry from operating as legal notice.

DECIDED DECEMBER 9, 1913.

Money rule; from city court of Eastman—Judge Neese. June 14, 1913.

*C. W. Griffin, W. A. Wooten,* for plaintiff in error.

*E. E. Persons, W. M. Clements,* contra.

ROAN, J. Certain real estate of J. D. Page was levied on and sold under an execution in favor of the British & American Mortgage Company Limited against J. D. Page, and the residue of the proceeds of the sale in the hands of the sheriff, after satisfaction of this execution, was claimed by various creditors of Page under executions against him, and the sheriff was ruled by the court to appear and show cause why this money should not be paid to them. At this point H. H. Merrick filed his intervention, alleging that he was the holder of a mortgage from J. D. Page, covering the property sold, and that the lien of this mortgage and of a judgment obtained thereon was superior to the liens of the executions of the other claimants. It appeared, from the evidence, that this mortgage was duly filed for record in the office of the clerk of the superior court of the county where the land was situated, but that it was recorded in a deed book instead of in a mortgage book (there being separate books for the recording of deeds and mortgages), and it was contended by the other claimants that such record was not notice to third parties of the existence of the mortgage, but was void, and that therefore the intervenor's claim should be denied. The court held that the recording of this mortgage in a deed book was no notice of the existence of the mortgage, and ordered that the fund be paid over to the various creditors according to the date of their liens; and to this ruling the holder of the mortgage excepted.

6

1.   It is well settled that the filing of a deed or mortgage in the office of the clerk of the superior court of the county where the land lies is notice to the world of the existence and lien of the mortgage, although the instrument be defectively recorded, or not recorded at all.  *Durrence* v. *Northern National Bank,* 117 *Ga.* 385 (43 S. E. 726) ; *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111).

2.   It is contended that certain of the executions which were recorded in a book kept by the clerk as a general execution docket before the mortgage was filed for record would not take priority over the mortgage; for the reason that the book kept by the clerk was not such a general execution docket as is required by law, and for the further reason that the executions were so defectively entered on this docket as not to operate as notice.   The record shows that the book kept by the clerk as a general execution docket was arranged as follows : it showed in the first column the name of the defendant, in the second column the name of the plaintiff, in the next column the court from which the execution issued, in the next the date of the judgment, and next, and in other columns respectively, the date of the execution, its amount, and the date of the entry of the execution upon the docket.   The names of the various defendants against whom the executions were issued were arranged in alphabetical order.   The book did not show the names of any attorneys.   Certainly a book so kept was a substantial compliance with the law.   See Civil Code, § 3321.   It furnished all the information that the law required to be furnished and which was necessary to protect the rights of any person to be affected thereby.   The mere fact that it omitted the names of the attorneys was not material; and the placing of the names of the defendants in alphabetical order was the most convenient way in which the docket could have been kept.   If an execution was issued against more than one defendant, it should have been indexed under the names of each; but failure to do this would not prevent the entry of the execution from being notice to third persons; and the remedy, if any, to any party misled to his injury by failure of the clerk to enter the execution properly would be against the clerk.

 When the case comes on for trial again, the trial judge can determine the respective priorities of the liens in the light of what has hereinbefore been said.   Our ruling as to the effect of the filing of the mortgage as notice requires a reversal of the judgment.

*Judgment reversed.*