### 7024. JONES & DAMREN AUTO CO. v. LOTT.

RUSSELL, C. J. 1. In the trial (in which the evidence was submitted to the judge, acting as both court and jury) there was sufficient testimony to authorize the finding that the entry upon the record of an agreement which contained a mortgage was constructive notice of a lien upon the property in dispute. The record called for further inquiry on the part of an ordinarily prudent man, and such inquiry would have brought actual notice of the true condition of affairs.

2. The instrument in question, and to the introduction of which objection was made, conveyed such a lien as was sufficient to create a mortgage within the terms of the statute.

3. The description of the property, as embodied in the mortgage clause of the contract of lease which it was intended to secure, was sufficient to identify the property upon which the lien was created. *Hillis* v. *Comer,* 14 *Ga. App.* 30 (79 S. E. 930); *Pepper* v. *James,* 7 *Ga. App.* 518, 519 (67 S. E. 218); *First National Bank* v. *Spicer,* 10 *Ga. App.* 503 (73 S. E. 753). The writing was sufficient to operate as a mortgage, because the description was adequately full to be made certain by the addition of extrinsic evidence.

4. The judge of the city court did not err in the judgment rendered.

*Judgment affirmed.*

DECIDED APRIL 24, 1916.

Levy and claim; from city court of Waycross—Judge McDonald. October 8, 1915.

Personal property, levied on under an execution issued in a fore-

closure proceeding, was claimed by Jones & Damren Auto Company. The trial of the claim case resulted in a judgment adverse to the claimant, and it excepted.   The instrument on which the fore-closure was based embraced a lease by Mrs. Dan Lott to Fred You-mans of a described storeroom, "to be used as a garage," and a mortgage on personalty by the lessee to the lessor, to secure the payment of the rent of the leased premises.. It was filed for record in the office of the clerk of the superior court, and was recorded in a book of deeds and leases, designated as "Book LL."   An entry on a book in the clerk's office, entitled "Combined filing docket and index of chattel mortgages," referred to the instrument as "agmt." between Mrs. Lott, "grantor," and Fred Youmans, "grantee," recorded in "Book LL," and gave the page on which it was re-corded, its date, and the date of filing and recording.   It was testi-fied that there was no book of mortgages entitled "Book LL," and the instrument was not recorded in a book of mortgages.   This entry was read by an attorney examining the records for Jones & Damren Auto Company before it took from Fred Youmans a bill of sale upon which its claim was based.   According to this attor-ney's testimony, he did not understand from the entry that the in-strument was a mortgage, and did not find the record of the mortgage..

The mortgaged property was described in the instrument as fol-lows:   "One lathe, one motor, one air compressor, all shafting and belting, one emery wheel stand, one stove, and all shop tools, and . . one certain gasoline tank, situated under the sidewalk, of the said garage."

*Parker & Walker,* for plaintiff in error, cited:   Civil Code (1910), §§ 3260-1-2, 4892 (8) ; 77 *Ga.* 365, 368, 67 *Ga.* 97; 46 *Ga.* 256; 120 *Ga.* 881, 882; 124 *Ga.* 669; Id. 3; 116 *Ga.* 351, 354.

*Parks & Reed,* contra, cited:   Civil Code (1910), § 3257; 46 *Ga.* 253; (sufficiency of description) 10 *Ga. App.* 503-4; 55 *Ga.* 543; 65 *Ga.* 644; 71 *Ga.* 387; 88 *Ga.* 417; 91 *Ga.* 799; 94 *Ga.* 27-30; 96 *Ga.* 760 (4) ; 120 *Ga.* 879; 132 *Ga.* 516; 133 *Ga.* 835 (3) ; 134 *Ga.* 594; 7 *Ga. App.* 123;; Id. 518-9; 9 *Ga. App.* 56-61; 13 *Ga. App.* 1; 14 *Ga. App.* 30 (2) ; 16 *Ga. App.* 645; 17 *Ga. App.* 98; 141 *Ga.* 641; (notice by filing, etc.)   Civil Code (1910), §§ 3320, 5805; 50 *Ga.* 327; 117 *Ga.* 385; 122 *Ga.* 303; 130 *Ga.* 135-41; 137 *Ga.* 776; 13 *Ga. App.* 574; 14 *Ga. App.* 81.