*Brown & Brown,* for plaintiff in error.

*E. J. Reagan, E. M. Smith,* contra.

---

## 8497. BROWN, administrator, *v.* AARON, administrator.

Where a duly attested mortgage on realty has been properly filed for record, the filing is notice to all persons, without regard to whether the mortgage is so defectively recorded that the record itself is not such notice; and where such a mortgage, attested by a notary public and another witness, with proper evidence of such filing, and without any entry of satisfaction or cancellation thereon, had been introduced in evidence by the mortgagee, its effect could not be impaired by proof that the record of the mortgage did not show attestation by two witnesses, and contained an entry tending to show cancellation; and the court did not err in refusing to admit in evidence a certified copy of such a record.

DECIDED JULY 23, 1917.

Foreclosure of mortgage; from Jenkins superior court—Judge Henry C. Hammond. September 14, 1915.

*Saffold & Jordan, James K. Hines,* for plaintiff in error.

*R. P. Jones, G. W. Lankford,* contra.

BROYLES, P. J. 1. A mortgage on realty must be attested by two witnesses, one of whom must be an officer authorized by law to attest it. Civil Code (1910), § 3257.

2. Although a mortgage on realty may have been properly attested by two witnesses, yet where it is so imperfectly recorded as to show attestation by one witness only, such record is no record and is no notice to third persons without notice. Civil Code (1910), § 3262, *Shepherd* v. *Burkhalter,* 13 *Ga.* 443 (58 Am. D. 523); *Smith* v. *Jordan,* 25 *Ga.* 687; *Gardner* v. *Granniss,* 57 *Ga.* 539; *Andrews* v. *Mathews,* 59 *Ga.* 466; *Donalson* v. *Thomason,* 137 *Ga.* 848 (74 S. E. 762).

3. Since the passage of the act of 1889 (Acts 1889, p. 106), now embodied in the Civil Code (1910), § 3320, the filing for record of a mortgage which on its face is entitled to be recorded is notice to all third persons without notice, although the mortgage may be afterwards so defectively recorded that the actual record is not such notice. In such a case the filing for record is sufficient notice to all third persons without notice. *Durrence* v. *Northern National Bank,* 117 *Ga.* 385 (43 S. E. 726); *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111); *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135, 141 (60 S. E. 836); *Blakely Artesian Ice Co.* v. *Clarke,* 13 *Ga. App.* 574 (4), 578 (79 S. E. 526).

4. Where a mortgage entitled to record is duly filed for record, and where it afterwards is so defectively recorded that the record is no notice to innocent third persons, the filing for record is the only notice binding on such persons, and the actual record of the mortgage, in the mortgage book of the clerk of the superior court, is not such notice, and is a mere nullity. This being true, it follows that a certified copy of such defective mortgage-record, with entries thereon tending to show a cancellation of the mortgage, offered in a case for the purpose of showing that the mortgage-record's power of notice to third persons had been destroyed, is of no probative value whatever, since the defective record never possessed any such power of notice. Under such circumstances, the certified copy of such record should be excluded from the evidence.

5. This was a contest between three mortgages of different dates, covering the same realty. The plaintiff introduced in evidence his mortgage, which showed that it had been properly attested by two witnesses, one of whom was a notary public, and that

38

it had been duly and properly filed for record. The execution and filing for record of this mortgage antedated the execution of the other two mortgages. There was not on this mortgage any entry showing that it had ever been satisfied or cancelled. The only evidence offered by the defendant was a certified copy of the record of this mortgage, with certain entries thereon tending to show a cancellation of the mortgage. This certified copy showed that the mortgage had been defectively recorded, in that the record showed that the mortgage had been attested by one witness only. The court properly held that this certified copy had no evidentiary value and was inadmissible as evidence. After this certified copy had been excluded from the evidence, the defendant offering no further evidence, the court did not err in directing a verdict in favor of the plaintiff.

   *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*