### 10289. ASKEW *et al. v.* WILSON, tax-collector, *et al.*

1. The sufficiency of the description of the property embraced in a mortgage is a question of law for the court, and the identity of the property mortgaged is a question of fact for the jury.   *First National Bank* v. *Spicer,* 10 *Ga. App.* 503 (73 S. E. 753).
2. Where a case involving questions both of law and of fact is decided by the judge, without the intervention of a jury, and no motion for a new trial is made, but a direct bill of exceptions is sued out, complaining of the decision or order rendered, a statement in the bill of exceptions that the order of the court is assigned as error "upon the grounds that said order is contrary to law" is not a specific or valid assignment of error, and can not be considered by this court. *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Lyndon* v. *Georgia Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047).
(a) In such a case, however, this court will consider a specific assignment of error upon any antecedent ruling which entered into and affected the final result.   *Stewart* v. *Marietta Trust & Banking Co.,* 129 *Ga.* 417 (59 S. E. 231).
> DECIDED JUNE 9, 1919.

Money rule; from city court of Newnan—Judge Post. December 13, 1918.

*W. Y. Atkinson, W. L. Stallings,* for plaintiffs in error.

*Garland M. Jones,* contra.

BROYLES, P. J.   Under the rulings in the headnotes the only assignment of error which can be considered in the instant case is the exception to the admission in evidence of a certain mortgage. As shown by the bill of exceptions, the mortgage was objected to "upon the grounds that the description of the articles sought to be mortgaged was too vague, indefinite, and uncertain, to constitute a valid mortgage." The description of the mortgaged

property was as follows: "I mortgage and convey to the payee and his assigns the following property, which is mine, in my possession and unencumbered: Blacksmith tools and auto tools owned by me." It is well settled that the law does not require a mortgage to describe the property so as to identify it without the aid of parol evidence. In our opinion the judge was authorized to construe this description as meaning *all* of the blacksmith and auto tools owned by the mortgagor, and, under the rulings in *International Harvester Co.* v. *Davis,* 13 *Ga. App.* 1 (78 S. E. 770), and *Jones & Damren Co.* v. *Lott,* 17 *Ga. App.* 834 (88 S. E. 719), the description was sufficiently definite to constitute a valid mortgage.

The contention in the brief of counsel for the plaintiff in error, that upon the trial there was no parol evidence to aid in identifying the mortgaged property, is not raised in the bill of exceptions or in the record, and can not be considered.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*