### 12736. HOWARD *v.* PARRISH.

LUKE, J. The petition as amended fails to set forth a cause of action. It was therefore not error for the court to sustain the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 14, 1921.

Action on contract; from city court of Statesboro — Judge Proctor. July 13, 1921.

Invalidity of the contract was the ground upon which the general demurrer to the petition was sustained, according to the briefs of counsel, the contention of counsel for the defendant being that the written contract sued on was void because it did not obligate the defendant to furnish any particular quantity of logs to be sawed for any stated period of time, or from any particular tract of land, or to furnish all the logs suitable for sawing on the particular place mentioned therein, and that proof of the allegations of the petition would necessarily involve adding by parol evidence to a written contract which was not ambiguous, and therefore not subject to parol interpretation. The material part of the written contract set out was: " That the party of the first part [Felix Parrish] agrees to furnish a location for sawmill on the Clark Place and place on log-bed ready for sawing according to orders all logs. Also to furnish orders in which to cut lumber, and to pay party of the second part for all lumber made at $9.00 per thousand and make settlement every two weeks. Party of the second part [J. E. Howard] agrees to move his mill on said location or locations and manufacture the lumber according to orders furnished as fast as possible according to prices named above. All lumber to be sawed and placed on the skids at mill. " (Not dated.)

The petition of J. E. Howard, as amended alleged that " on the — day of — 1920 " he and the defendant, Felix Par-

rish, entered into this written contract; that the capacity of the said sawmill was about 3,000 feet per day; that in compliance with the terms of the said contract the plaintiff moved his sawmill to said location and actually sawed for him from May 3, 1920, until July 27, 1920, 112,000 feet of lumber at $9 per thousand feet, on which sawing the defendant paid $954, and that the defendant complied with his part of the contract in furnishing the logs and the orders into which the lumber was cut, in the sawing of said 112,000 feet; that the defendant, without any cause and without fault of the plaintiff, refused to comply with his contract after July 7, 1920, in that the defendant refused to furnish plaintiff with any more logs or orders for cutting logs into lumber, there being at said location at said time enough logs to make 388,000 feet of lumber; that plaintiff requested the defendant to furnish more logs and orders, informing him that plaintiff was ready and anxious to comply with his said contract, but the defendant refused and notified plaintiff that he did not intend to put any more logs to plaintiff's mill; to plaintiff's damage in the sum of $583.54, for which plaintiff sues. Various items of damage are given in the petition.

*R. Lee Moore,* for plaintiff, cited: Civil Code (1910), §§ 4222, 4266, 4268 (1), 5789; 126 *Ga.* 800; 9 *Ga. App.* 718; 139 *Ga.* 453; 95 *Ga.* 652 (1); 12 *Ga. App.* 798.

*Deal & Renfroe,* for defendant.