## 19875. JONES *v.* AVANT.

STEPHENS, J. 1. On the trial of a claim to personal property levied upon under an execution issued on the foreclosure of a mortgage, although at the time of the levy the property was not in the possession of the defendant in execution, the plaintiff successfully carries the burden of proof resting upon him by showing that the property levied on is that covered by the mortgage, and was in the possession of the mortgagor at the date of the execution of the mortgage.

2. Although the description of property which it is sought to subject to a mortgage may differ from that contained in the mortgage, yet where the description in the mortgage and the means of identifying the property as the property referred to in the mortgage are such that the property can be definitely identified as that referred to in the mortgage, inaccuracies in the description are immaterial. Where property levied on under a mortgage fi. fa. was properly described as "one No. 2. Taylor Sawmill complete (Mfg. Mallory & Taylor), 1 25 H. P. Taylor Engine and 1 35 H. P. Farquar Boiler," but where the property as described in the mortgage and in the execution and levy was "1 De-Loach Sawmill Complete, 1 Mallory & Taylor Boiler and Engine 20 H. P. and Boiler 35 H. P." and where at the time of the execution of the mortgage the mortgagor had only one sawmill outfit and one engine and boiler, and it was in fact the property levied on, the property levied on was sufficiently identified as that described in the mortgage.

3. Where upon the trial of an issue formed upon a claim filed to a levy of a mortgage execution against a sawmill outfit, it appeared from the uncontradicted evidence of the claimant (construed most strongly against him, as must be done, as he is a party to the case) that the property levied on under the mortgage execution had, prior to the execution of

the mortgage, been sold by him to the defendant in execution, and that the defendant in execution had only one sawmill outfit, and where the property levied on was covered by the description in the mortgage, the evidence demanded the inference that the property levied on was the property which the defendant in execution had in his possession and had mortgaged to the plaintiff under the foreclosed mortgage. The plaintiff in execution thus made a prima facie case.

4. Where the only evidence in rebuttal of the plaintiff's prima facie case was the testimony of the claimant that the property levied on at one time belonged to him and was sold by him to the defendant in execution prior to the execution of the mortgage, and that the claimant took from the defendant in execution retention-of-title notes for the property, and that he afterwards took the property back from the defendant in execution, this evidence was not sufficient to establish title in the property in the claimant prior to the mortgage lien of the plaintiff, it not appearing that the claimant's retention-of-title notes had been recorded prior to the execution by the defendant in execution of the mortgage to the plaintiff, or that at the time of the execution of this mortgage the plaintiff in execution had notice of the claimant's title.

5. Applying the above rulings, the undisputed evidence demanded a verdict for the plaintiff, finding the property subject, and the verdict for the claimant was therefore unauthorized by the law and the evidence.

6. The admission in evidence, over objection by the plaintiff, of the testimony of the claimant that the property levied on was property of a description different from that contained in the officer's return of the levy was, if error, harmless.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

Decided February 25, 1930.

J. H. Milner, for plaintiff.    D. D. Smith, for defendant.