36787. HAYES *v.* CONSOLIDATED LOAN COMPANY.

DECIDED JULY 10, 1957.

**190**

*Frank F. Faulk, Jr.,* for plaintiff in error.

TOWNSEND, J. 1. "The interposition of a claim commits the claimant to the fact of the making of a levy, but not to the legality of the process under which it is made," and a claimant may move to dismiss a levy where it is for any reason fatally defective. *Pearce & Renfroe* v. *Renfroe Bros.,* 68 *Ga.* 194 (5a). However, an uninterested person can not interpose objection to the levy of an execution (*Parker* v. *Matthews,* 106 *Ga.* 49, 52, 31 S. E. 784; *Wheeler* v. *Martin,* 145 *Ga.* 164, 88 S. E. 951). Since the claimant is not interested in the case between the plaintiff and the defendant in fi. fa., but is only interested in seeing that his property is not seized under an execution issued against another, his proper remedy in such case is not to move to dismiss the entire proceedings, or to quash the fi. fa., but he should move to dismiss the levy so that his property may be restored to him. *Davidson* v. *Rogers,* 80 *Ga.* 287 (7 S. E. 264); *Morrison & McRae* v. *Anderson,* 111 *Ga.* 847 (36 S. E. 462). In support of his claim and motion to dismiss the levy, he may on the trial of the claim case urge any ground which might then be urged by the defendant in fi. fa., such as that the proceedings are fatally defective (*Rossiter MacGovern & Co.* v. *Carrollton Electric Light Co.,* 5 *Ga. App.* 393, 63 S. E. 233), or that the judgment is void or has been discharged (*Ansley* v. *O'Byrne,* 120 *Ga.* 618,

620, 48 S. E. 228), or that it was procured by fraud. *Williams* v. *Martin,* 7 *Ga.* 377. The claim affidavit itself is generally the only pleading necessary to admit whatever evidence the claimant may have to offer to uphold her title or disparage that of the defendant. *Stonecypher* v. *Elliott,* 181 *Ga.* 438, 441 (182 S. E. 587). It follows that of the assignments of error in this bill of exceptions, the only one which presents a question for decision is the motion to dismiss the levy, and even this is fatally defective in that, there having been no trial of the claim case and therefore no evidence that the claimant is such an interested party as would be entitled to intervene between the plaintiff and defendant in fi. fa. (the levy failing to show on its face that the claimant is in any way interested in the property), the trial court would have been right in denying the motion to dismiss the levy on the ground that it was prematurely made. "Until the claimant shows that she has some right about to be affected, which had not been done at the time of the overruling of the motion to dismiss the levy, she is in no position to question the sufficiency of the description for she would be merely busying herself in a matter with which she had no concern. *Nussbaum* v. *Waterman & Co.,* 9 *Ga. App.* 56 (70 S. E. 259)." *Potts* v. *Reconstruction Finance Corp.,* 76 *Ga. App.* 796, 798 (47 S. E. 2d 178).

2. However, under the act of 1957 (Ga. L. 1957, p. 224) this court should review all rulings or orders excepted to which may affect the proceedings in the trial court. The point urged by the plaintiff in error in each of her exceptions is that the levy is void because it shows on its face that the property levied on is not the property described in the bill of sale to secure debt or the foreclosure proceedings thereunder, and since this question will without doubt arise again on the trial of the case, its discussion is not out of place here. If faulty, the levy may be amended at the trial of the claim case. *Hollis* v. *Rodgers, Worsham & Co.,* 106 *Ga.* 13 (31 S. E. 783). The levy should follow the execution, and the execution should follow the foreclosure proceedings, but even where the mortgage, the execution, and the levy improperly describe the property mortgaged, in an action between the parties to the mortgage the identity of the property, not its description, is in issue, and where a plaintiff in fi. fa. car-

ries the burden of showing that the property levied on is the same as the subject matter of the mortgage, errors in description will not vitiate the proceedings. *Jones* v. *Avant*, 41 *Ga. App.* 211 (152 S. E. 264). The true question may be not the legal sufficiency of description, but the identity of the property. *Reynolds* v. *Jones*, 7 *Ga. App.* 123, 125 (66 S. E. 395). Parol evidence is admissible on this issue, and the question of identity of the property mortgaged is one of fact for the jury. *Askew* v. *Wilson*, 23 *Ga. App.* 771 (1) (99 S. E. 537). Where the legal sufficiency of the description is at issue, whether or not it is so vague and indefinite as not to constitute notice "frequently depends upon whether the lien is being asserted against the mortgagor or some person who has notice, or whether it is being asserted against some innocent purchaser for value who has no notice other than such as the record of the instrument may have imparted." *Nussbaum* v. *Waterman & Co.*, 9 *Ga. App.* 56, supra. These questions, obviously, cannot be determined on review of a motion to dismiss a levy which itself amounts to no more than a general demurrer.

The trial court did not err in denying the motion to dismiss the levy.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*