37127.  PIONEER INVESTMENTS, INC. *v.* ADRINE *et al.*

DECIDED APRIL 18, 1958.

522

*Joseph M. Brown, Marvin H. Shoob,* for plaintiff in error.
*Daniel Duke,* contra.

CARLISLE, Judge. It is urged by the defendant in error that the judgment in this case was a proper judgment for four reasons: First, because the stipulation of facts recited that the conditional-sale contract was not recorded until June 10, 1957, which was after the claimants had purchased the property on March 26, 1957, and that they were therefore bona fide purchasers of the property for value without notice; second, because the plaintiff had elected a prior inconsistent remedy in prosecuting the suit for a general judgment and that that suit was res judicata as to the right of the plaintiff to foreclose the conditional-sale contract; third, because it was estopped by its failure to object to the setting aside of the property in the year's support proceeding; and, finally, because the affidavit and execution herein were proceeding against Thomas Porter, who was deceased at the time the affidavit was made and the proceeding begun. We will dispose of these contentions in their order.

■ While we are aware of the rule that where a party has stipulated certain facts, he will not be heard to introduce evidence controverting those facts without first affording the opposite party notice that he proposes to controvert the facts so stipulated, yet this rule is applicable only where the position of the opposite party has been changed in reliance upon the stipulation and where to permit evidence contrary to the facts stipulated to be introduced would result in manifest injustice (*Johnson* v. *Wright,* 19 *Ga.* 509, 512), and where evidence of a kind that is not subject to discredit (except upon direct evidence tending to so discredit it) and contrary to the facts stipulated is introduced without objection, the stipulation ought not to prevail against such uncontroverted evidence.

In the stipulations of fact in this case, the parties agreed that the conditional-sale contract was recorded on June 10, 1957. The original document with the entries of filing and of recordation signed by the clerk of the superior court was introduced in evidence, and this document showed that it was filed for record on June 10, 1955, and recorded on June 16, 1955, This docu-

ment was duly identified as "Exhibit A," and the recording form identified as "Exhibit B" with the aforesaid entries thereon was introduced in evidence without objection. The record sent to this court contains photographic duplicates or photostats of these documents as a part of the brief of the evidence over the certificate of the trial judge certifying that they constitute a part of. a true and correct brief of the evidence. The contention made in the brief of counsel for the defendant in error that these documents were not before the trial judge and were not considered by him in rendering his judgment and that his judgment ought not to be reversed on account of something which was not before him is not meritorious in view of this state of the record. While it is true that his judgment did seem to indicate that he did not consider these documents, the record shows that they were before him for his consideration, and in view of the official entries of filing for recordation, the stipulation of fact must yield. See *Montrose Banking Co.* v. *Ford*, 155 *Ga.* 222, 228 (116 S. E. 783).

■ It seems to be well established that a person holding a mortgage or a bill of sale to secure debt to personalty may pursue any number of consistent remedies to enforce the payment of the debt until the debt is satisfied, and that obtaining a common-law judgment on the note and foreclosing the mortgage or bill of sale are consistent remedies, and the pursuit of one does not constitute an election or abandonment of the other. See *Juchter* v. *Boehm, Bendheim & Co.*, 63 *Ga.* 71, 74 (1); *Montgomery* v. *Fouche*, 125 *Ga.* 43 (1) (53 S. E. 767); *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260); *Allen* v. *Community Loan &c. Corp.*, 81 *Ga. App.* 65, 67 (1) (57 S. E. 2d 703). While it is true that the prayers in the plaintiff's petition in the former case were for a special lien on the property, the exhibits introduced here show that the plaintiff obtained merely a general judgment, and while he might have obtained a special lien in that action, he did not do so and it is, therefore, not a bar to his enforcing his rights under the conditional-sale contract. It follows that the plaintiff is not barred in this case from proceeding to foreclose the contract on this account, nor is he estopped by the judgment in the former proceeding. The principal case relied upon by the defendant in error, *Coolidge* v. *Sandwich*, 49

*Ga. App.* 564 (1) (176 S. E. 525), clearly distinguishes the ruling therein from the cases cited above and similar authority, and it is not authority for a ruling to the contrary.

■ A court of ordinary has no jurisdiction to pass upon conflicting claims of title on the hearing of an application for a year's support. Such jurisdiction lacking in the ordinary, it would have availed the plaintiff nothing to have objected to the proceedings to set aside a year's support. When the property herein involved was set aside to the widow as a part of the year's support, she acquired just such title in the property as her deceased husband had, and she acquired no greater title by reason of the judgment of the court of ordinary setting it apart to her. *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790). Mrs. Thomas, having no greater title to the property than her husband had, and his title being subject to the outstanding and paramount title of the plaintiff as evidenced by the duly recorded conditional-sale contract, conveyed to the claimants only such title as she and her husband had, and the claimants' right to the property was subject to the outstanding conditional-sale contract of which they had constructive notice.

■ The only other contention remaining is the contention that the fi. fa. was void on its face because the defendant named in the affidavit was deceased. It does not appear on the face of the fi. fa. that Thomas Porter was deceased, and for this reason the fi. fa. was not void on its face, but the evidence as shown by the stipulation of fact shows that he was deceased. However, this was no ground for a judgment in favor of the claimants and fixing the title to the property in them free and clear of the claims of the plaintiff under the conditional-sale contract, for the most that can be said of this fact is that it constituted a mere procedural or technical defect bearing no relation to the merits of the case and would have at most authorized a judgment dismissing the levy. *Bosworth* v. *Clark*, 62 *Ga.* 286 (1) ; *Morton, Bliss & Co.* v. *Gahona*, 70 *Ga.* 569 (1) ; *Krutina* v. *Culpepper*, 75 *Ga.* 602 (2) ; *Morrison & McRae* v. *Anderson*, 111 *Ga.* 847 (36 S. E. 462) ; *Rossiter &c. Co.* v. *Carrollton &c. Co.*, 5 *Ga. App.* 393 (1) (63 S. E. 233) ; *Wright &c. Co.* v. *Brown*, 7 *Ga. App.* 389 (1) (66 S. E. 1034).

It follows, from what has been said above, that the judgment sustaining the claim and directing the release of the property to the claimants was not authorized and must be reversed. However, the evidence showing without dispute that the proceeding was instituted against Thomas Porter, who was deceased, rather than against his duly appointed administratrix, the trial judge should have entered a judgment dismissing the levy, and the judgment is accordingly reversed with direction that a judgment dismissing the levy be entered.

*Judgment reversed with direction. Gardner, P.J., and Townsend, J., concur.*