37499.  SMITH *v.* PITTS.

Decided January 19, 1959.

*Mildred L. Kingloff, Sylvia Levitt,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

GARDNER, Presiding Judge. This case is here on the general grounds only. It appears from the record that the contract of sale signed on June 8, 1957, was contingent upon the property involved being zoned for business. The paragraph regarding this contingency reads as follows: "This sale subject to zoning on property being changed from A-1 to commercial or business. If zoning isn't changed to where it can be used for business purposes this contract will become null and void." There was no time specified for the rezoning to be done. The plaintiff did get the rezoning done on September 14, 1957. From the time the contract was signed to the time the rezoning was done the plaintiff held a check for $1,000 given by the defendant when the contract was signed. On September 19, 1957, the defendant was notified that the zoning for business had been accomplished. Subsequently, the check for $1,000 was presented to the bank for payment and payment was refused, the check being marked "payment stopped". The defendant refused to go through with the contract.

Counsel for the defendant contend that inasmuch as the household furnishings which were to go with the property were not described in detail, the case should be reversed because of insufficient description. Counsel cite a number of cases where contracts for the sale of realty were not enforced because the description was not sufficient. However, all of the cases cited except one pertain to insufficient description of the real property and not personalty which might go with the property. Counsel cite *Ferguson* v. *McCowan,* 124 *Ga.* 669 (52 S. E. 886) in support of the contention that the personal property should have been described specifically. In that case only certain articles of personalty went with the property and there were many other articles of personalty scattered around with the ones to go with the property. In the instant case all the household furnishings on the second floor went with the property and certain described personal property which was located on the first floor also went with it. Therefore no confusion arises and lack of specific description of the personalty does not show reversible error in the case now before us.

Counsel for the defendant cite *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488) wherein terms of payment were not sufficiently shown in the contract. In the instant case the contract specifies payment as follows: "The purchase price of said property shall be $35,000 to be paid as follows: $7,000 cash at time of closing sale, and assume a first loan in favor of DeKalb County Federal Savings & Loan Association with a balance of approximately $14,000, payable $125 per month; seller agrees to carry a second loan of approximately $123.38 per month with the interest rate of 6 percent." We think that the terms of payment were sufficiently explicit so that no reversible error is shown.

It has been held many times that, where a case proceeds to trial without special demurrers having been filed pointing out defects and thus giving the trial court and the plaintiff a chance to act on such demurrers in some way, such defects can not be the basis of consideration for the first time by an appellate court in a bill of exceptions. This is a correct principle of law. Citation of authority is not necessary particularly since counsel for the defendant concede this to be the law. The trial judge, sitting without a jury, determined the merits of the case on the general grounds in favor of the plaintiff and against the defendant. The evidence is sufficient to sustain this decision.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*