WILLIAM D. STEWART, administrator, plaintiff in error, *vs.* C. D. BARROW, executor, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. Where the plea of a security sets up a discharge by reason of some act of the creditor which tended to increase his risk, it is defective unless it alleges the facts showing how such risk was increased.

2. Neither the omission of some act not specially enjoined by law, nor the commission of some act expressly authorized by law, by the creditor, which tends to increase the risk of the security, will operate as a discharge.

Principal and security. Pleadings. Before Judge CLARK. Sumter Superior Court. October Term, 1875.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

COOK & CRISP; J. A. ANSLEY, for defendant.

WARNER, Chief Justice.

This was a suit pending in the superior court of Sumter county, in favor of C. D. Barrow, executor of S. O. Jones, against A. S. Cutts, J. C. McBurney, administrator of J. G. Gilmore, J. V. Price, and W. D. Stewart, administrator of James Stewart, deceased, on a joint note, of which the following is a copy:

"AMERICUS, September 8th, 1860.

"By the 1st of January next after date, we promise to pay Sarah O. Jones, or bearer, $2,908 17. Value received.

(Signed)         "A. S. CUTTS,
        "JOHN G. GILMORE,
        "JOHN V. PRICE, Security.
        "JAMES STEWART."

When the case was called for trial, several of the original makers of the note being dead, the representative of John V. Price having not been made a party to the suit, the plaintiff suggested the death of Price, and took an order abating and discontinuing the suit as to Price, and ordering the case to proceed as to the other defendants, whereupon William D. Stewart, administrator of James Stewart, by leave of the court, filed a plea, in which he alleged that he agreed to become the co-surety with Price on said note sued on, and to bear equally the liability on said note as joint sureties, and that said note was so executed; that the plaintiff having abated the suit now pending against Price's estate, his co-security, against whom he has the right to proceed for contribution in case he has to pay the same, such act of the said plaintiff tends to increase the risk of said William D. Stewart, administrator; that John V. Price's estate is now in possession of real and personal property more than enough to pay said debt. The plaintiff demurred to the defendant's plea, the court sustained the demurrer, and gave judgment against the defendants for the full amount of the note, whereupon the defendant, William D. Stewart, administrator, excepted.

1. The allegations in the plea are to be taken most strongly against the pleader. There is no allegation in the plea who was the principal maker of the note for whom the defendant's intestate and Price became joint sureties, nor that said principal debtor, whoever he may have been, was not abundantly able to pay the note sued on; there is no averment of any risk incurred by the sureties on account of the inability of the principal debtor to pay the note by insolvency or otherwise; nor does it appear that there was any legal representative of Price's estate. The allegation is that the dismissal of the suit as to Price, his co-surety, tends to increase the defendant's risk as co-surety with Price. What is the nature of that risk, and for whom was it incurred? The risk which the dismissal of the case as to Price, tends to increase, may have existed solely in the imagination of the defendant; the plea did not inform

the court what it was, and therefore the plea was bad for that reason.

2. But the 3444th section of the Code declares "that in all cases which have been or may be commenced in any of the courts of this state, at law or in equity, against two or more defendants, one or more of whom have died, or may die pending said case or cases, it shall and may be lawful for the plaintiff or complainants to suggest said death of record, and to proceed in the trial of said case or cases against the surviving defendants, to the extent of their respective liabilities." The liability of each defendant respectively on the note sued on, was to pay to the plaintiff, the creditor, the amount thereof, whatever may be their rights and equities as between each other after the plaintiff, the creditor, has been paid by them, or either of them. By the common law, in case of a joint contract, when one of the joint contracting parties died, the remedy was against the survivor, and was lost as against the representatives of the deceased contractor, but that is not now the law in this state. The point made by the plaintiff in error is, that inasmuch, as the plaintiff in the court below, under the provisions of the section of the Code before cited, suggested the death of Price on the record, and discontinued or abated the suit as to him, and proceeded to take judgment against the other defendants who were joint promissors, that this act of the plaintiff increased his risk as a joint co-surety with Price to such an extent as to discharge him from the payment of the debt to the plaintiff, the creditor. The reply is, that the act of the plaintiff, the creditor, which it is insisted operates as a discharge of the surety, is an act which the law expressly authorized the plaintiff as a creditor to do. The act of the creditor which injures the surety or increases his risk, or exposes him to greater liability which will operate as a discharge, must be some act which the law does not authorize or sanction, or the omission to do some act specially enjoined by the law. It will not do to hold that because a creditor in the prosecution of his remedy to collect his debt against several joint promissors, does an act which the statute

law of the state expressly authorizes him to do, that such an act will operate as a discharge of a surety, as contemplated by the 2154th section of the Code. We find no error in sustaining the plaintiff's demurrer to the defendant's plea.

Let the judgment of the court below be affirmed.