## TAYLOR *vs.* SCOTT *et al.*

1. Certain promissory notes setting out crop liens, being made in 1874 two of the makers being sureties for the third, though not so appearing on the face of the writings, and the fact of the suretyship being known to the creditor, and one of the sureties having signed on the faith of the creditor's promise that he (the creditor) would apply the principal's crop of that year to these particular notes, and said surety having communicated such promise to the other before the latter signed, and both having thus signed on the faith of the promise, the creditor was bound to make the application accordingly, and his failure to do so discharged the sureties, the crop being of sufficient value to pay all the notes.

2. It was no excuse for the creditor that a partnership of which he was a member took, afterwards, crop liens upon the same crop of the principal, for advances made to produce the crop, and that under these liens the crop was delivered by the principal to the partnership, and that the creditor, as an individual, did not in fact receive the crop, and consequently had no power to appropriate it

to his individual claims. As a partner, he should not have entered into obligations conflicting with his prior undertaking as an individual.

Principal and security. Lien. Partnership. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1877.

Taylor brought complaint against Scott and Small on eleven promissory notes, aggregating in amount $935.75, all dated January 8, 1874, signed by David Bagley, J. B. Scott and S. W. Small, and containing the ordinary factors' crop lien. The defendants pleaded the general issue, payment, and that they were securities for Bagley and had been discharged by the plaintiff's failure to apply the cotton crop delivered by their principal to him, to the satisfaction of this indebtedness. Upon the issues thus formed Scott testified, in brief, as follows: Defendants were securities for Bagley; witness told plaintiff he would not sign as security except upon condition that the latter would apply the cotton crop to be raised by Bagley during the year 1874 to the payment of the notes. Plaintiff so agreed, and witness signed. Witness would not have become security had it not been for this agreement. Plaintiff knew that defendants were only securities. Bagley delivered enough cotton to pay the notes.

Bagley testified as follows: After the notes sued on were signed, he made arrangements with Taylor & Co. (of which firm plaintiff was a member) to furnish him supplies, giving to them crop liens. They advanced to him $1,500.00. He delivered to Taylor & Co. about thirty bales of cotton of the crop of 1874. He consented that this cotton should be applied to the last liens, but this was without the knowledge or consent of the defendants. These liens were thus discharged in full, and a surplus of $200.00 remained which was applied to the notes on which the defendants were securities.

Small testified that he would never have signed as secu-

rity except for the agreement between Scott and plaintiff, which the former communicated to him before he signed.

Plaintiff denied any such agreement, but testified that the notes were given in renewal of others upon which Scott was already security. That he had no personal connection with the transactions between Taylor & Co. and Bagley except as a partner; the cotton was delivered to the other members, and the surplus, after paying Bagley's indebtedness to the firm, was turned over to him, and duly applied to the notes upon which defendants were securities.

The court, in its charge, made the liability of defendants turn upon the fact as to whether there was any such agreement as that testified to by Scott and denied by plaintiff; it instructed the jury that if there was such an agreement, the fact that Taylor & Co. subsequently advanced supplies and took crop liens, and that the cotton was delivered by Bagley to the firm, and not to plaintiff individually, would not prevent their discharge.

The jury found for the defendants. The plaintiff moved for a new trial upon several grounds, of which it is only necessary to mention the one that the court erred in the charge as above set forth. The motion was overruled and the plaintiff excepted.

GUERRY & SON; COOK & HOLLIS, for plaintiff in error, cited 33 *Ga.*, 491; 36 *Ib.*, 508; 44 *Ib.*, 11; 46 *Ib.*, 426; 55 *Ib.*, 376, 664; 58 *Ib.*, 363.

HAWKINS & HAWKINS, for defendants, cited Code, §2154.

BLECKLEY, Justice.

1. Where the evidence is in salient conflict, as in this case, we must look to the verdict to see which side gave the true version of the transaction. Taking the facts as the evidence for the defendants presents them, the sureties both signed on the faith of the creditor's promise, made to one of them and by him communicated to the other, that he, the creditor,

would apply the principal debtor's crop of the current year to these particular notes. As between the sureties and the creditor this promise was a part of the consideration of the contract of suretyship. 30 *Ga.*, 93, 306. Moreover, each of the notes, by its terms, was a crop lien upon the whole of said crop; and these notes were the first, and therefore the highest, incumbrance which the record discloses to which the crop was subject. The very face of the papers which the sureties signed appropriated the crop to these obligations, and it was not in the creditor's power to change that appropriation without the consent of the sureties. 52 *Ga.*, 380. See also 51 *Ga.*, 205. The crop was of sufficient value to pay all the notes, and the principal debtor delivered it to a partnership of which the creditor was a member. The partnership appropriated it to prior liens of like kind in their favor, except a small surplus which, through them, reached this creditor and was applied on these notes. In our opinion the sureties were discharged.

2. It seems to us that the creditor cannot put off the sureties with the excuse, that the prior liens were not taken by him, but by the partnership for advances which the partnership furnished to produce the crop, and that delivery of the crop was not made to him but to the partnership. He had stipulated with the sureties that the crop should go to their protection; and as a partner he should not have entered into an arrangement with the debtor which conflicted with his prior obligation, as an individual, to the sureties.

Judgment affirmed.