### TIMMONS v. BUTLER, STEVENS & COMPANY.

1. The notice to the creditor by a surety to proceed against the principal
   debtor, required by the statute, is written notice; an oral request will
   not suffice.
2. The right of a payee of a note to resort to the sureties thereon is not
   lost because of his failure to sell personal property held as collateral,
   immediately on the maturity of the note.
                        APRIL 11, 1912.

Complaint.    Before Judge Thomas.    Tift superior court.    July
4, 1911.

*L. P. Skeen* and *Fulwood & Murray,* for plaintiff in error.

*Adams & Adams,* contra.

EVANS, P. J.    The Farmers Supply Company, a corporation,
gave its note to Butler, Stevens & Company, dated February 22,
1909, due November 15, 1909, for $2,629.37, with seven sureties.
In addition to the promise to pay the principal debt with interest
and attorney's fees, the note contained this stipulation:    "We
further agree that all the shipments made to Butler, Stevens &
Company, and the proceeds thereof, and all property and money that
may come into their hands may be retained and applied, at their
option, to this note or any other debt due them until the same have
all been fully paid."    The principal debtor was adjudged a bank-
rupt, and the payees brought suit against the sureties.    Two of them
pleaded:    (1) that at and after the maturity of the note the
plaintiffs held, as collateral security for the payment of the note, a
quantity of cotton belonging to the principal debtor, that the price
of cotton was subject to violent fluctuations, and it was the duty

of the plaintiffs to have immediately sold and exhausted the cotton as collateral, and if this had been done, at the prices then ruling, a sum sufficient would have been realized from such sale to have fully paid off the debt, and the omission of the plaintiffs to sell the cotton resulted in discharging the defendants as sureties; (2) that they are discharged from liability, for that subsequently to the maturity of the note they requested the plaintiffs to sell the cotton, which request was disregarded, and that cotton thereafter declined in price, and not enough could be realized when the same was actually sold to pay off the note. These special pleas were stricken on demurrer, and a verdict returned for the plaintiffs. The defendants excepted.

Broadly stated, the point for decision is, whether the right of a payee of a note to resort to the sureties is lost because of his failure to immediately sell personal property held as collateral, on oral request of some of the sureties, by reason of which failure the proceeds of the collateral prove insufficient to pay the debt, on account of the fluctuation of the market price of the property. That the sureties are not discharged is the plain import of the adjudicated cases. The general rule on the subject of the release of sureties by act of the creditor is thus summed up in the Civil Code, § 3544: "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him; a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety."

A surety is given ample protection against the inaction of his creditor. If he desires to expedite payment, he may pay the debt and subrogate himself to all the rights of the creditor. Or he may give notice in writing to the creditor to proceed to collect the debt, and the creditor's failure to commence an action within three months (if the principal is within the jurisdiction of the State) will discharge the surety. Civil Code, § 3546. Or he may invoke the aid of a court of equity, in cases presenting equitable features, to require prompt action by the creditor. In *Souter* v. *Bank of Southwestern Ga.*, 94 *Ga.* 713 (20 S. E. 111), the notes sued on were signed by three persons. Two of them pleaded, that they were sureties, and that when they signed it was agreed that the

plaintiff should take from the principal a mortgage on live stock as security for the note, which was done; that after the notes and mortgage became due they insisted that the plaintiff should foreclose the mortgage, which the plaintiff refused to do, and kept the mortgage an unreasonable length of time, until the principal had either disposed of the mortgaged property or lost it by death or destruction, thereby increasing the risk of the sureties. The plea was held bad, because of the failure to allege that any written notice was given to the plaintiff to foreclose the mortgage. "The act of the creditor," says Warner, C. J., "which injures the surety or increases his risk or exposes him to greater liability, must be some act which the law does not authorize, or the omission to do some act specially enjoined by the law." *Stewart* v. *Barrow*, 55 Ga. 664. The complaint of these two sureties is that they orally demanded of the plaintiffs that they sell the cotton collateral, and this request was disregarded, and thereafter cotton declined in price and not enough could be realized when the same was actually sold to pay off the note. They gained nothing by their oral request, because the statute requires that the notice must be in writing. Their further contention is that it was the duty of the plaintiffs to have immediately sold and exhausted the cotton held as collateral, which, if it had been done, at the prices then ruling, would have realized a sum sufficient to fully pay off the debt. We do not understand that the payee of a note owes a duty to the surety to immediately sell the collateral property on maturity of the note. See 32 Cyc. 224. He is bound to use reasonable diligence in collecting collateral securities. *Gibson* v. *Conner*, 3 Ga. 47, 53. But it does not follow that he is bound to immediately sell a chattel collateral on penalty of releasing his surety. Counsel for the sureties cite, in support of their contention, this quotation from the opinion of Mr. Justice Jackson in *Lumsden* v. *Leonard*, 55 Ga. 374: "Some act must be done by the creditor, either before or after judgment, which injures the surety in some way; mere failure or negligence on the part of the creditors will not relieve the surety. And the exceptions to this general rule will be found to be where the creditor omits to do something by which some collateral security in his hands is made unproductive, or where he is notified under the statute to proceed, and he fails or refuses," etc. The case for decision came under the rule and not under the exception,

and the statement of the exception to the rule is expressed in language capable of being misunderstood. What the learned Justice meant is illustrated in the case of *Toomer* v. *Dickerson,* 37 *Ga.* 428, cited in support of his statement of the rule and exception. There the creditor failed to record a mortgage, and by his failure the surety lost the benefit of the collateral. It will appear from the opinion that the decision was rested on the registry statutes, as creating a duty relatively to the surety to record the mortgage, and hence the creditor's omission was as to an act specially enjoined by law. That such was the meaning intended is further illustrated by the quotation from *Stewart* v. *Barrow,* supra, a decision reported in the same volume, and in which Mr. Justice Jackson participated.

There was no error in striking the plea on demurrer.

*Judgment affirmed. All the Justices concur.*