HATTAWAY *v.* FIRST NATIONAL BANK OF BLAKELY.

BECK, P. J. 1. The court charged the jury in part as follows: "If you believe that the security deed in question was executed in consideration of the defendant bank's promise to renew or extend the maturity of J. F. Hattaway's indebtedness to the bank, this would be a sufficient legal consideration to support a security deed, and the same would be valid." This is excepted to upon the ground that it violates the law prohibiting an expression of opinion by the court upon the facts of the case. The charge is not open to the criticism made.

2. The court did not err in refusing to allow an amendment to the petition in this case, wherein it was alleged in substance that certain notes secured by the security deed which petitioner was seeking to have set aside were also secured by the deposit of fifty bales of cotton made by her brother, J. F. Hattaway, at a time prior to the renewal of the notes to the bank on the third day of April, 1922; that in the fall of the next year petitioner "did, through her agent [naming him], order said bank to sell the cotton and apply the same in settlement of said notes, and

said bank promised to sell the same, but failed to do so; that said cotton was sufficient in value to have satisfied the indebtedness if the same had been sold, and the failure of the bank to sell the same increased her risk as surety and discharged her from said indebtedness as surety." *Stewart* v. *Barrow*, 55 *Ga.* 664; *Timmons* v. *Butler*, 138 *Ga.* 69 (74 S. E. 784); *Johnson* v. *Longley*, 142 *Ga.* 814 (83 S. E. 952); Civil Code, § 3548.

3. Where an amendment had been disallowed by the court, it was not error for the court to exclude evidence offered to support the allegations of such amendment.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 8904.   JULY 15, 1932.

*W. V. Custer & Son,* for plaintiff.
*A. H. Gray* and *Pottle, Farkas & Cobb,* for defendant.