41748. GENTRY v. HIBBLER-BARNES COMPANY.

41749. GENTRY et al. v. HIBBLER-BARNES COMPANY.

DEEN, Judge. 1. A litigant may, either consecutively or concurrently, pursue any number of consistent remedies to enforce the payment of a debt until it is satisfied. "Obtaining a judgment on the note and foreclosure of the security device are consistent remedies, and the utilization of one will not constitute either an election or abandonment of the other." *Hopkins v. West Publishing Co.*, 106 Ga. App. 596 (2) (127 SE2d 849). See *Pioneer Investments, Inc. v. Adrine*, 97 Ga. App. 520 (2) (103 SE2d 686).

2. Black's Law Dictionary defines *deficiency* as "that part of a debt secured by mortgage not realized from sale of mortgaged property," citing Harrow v. Metropolitan Life Ins. Co., 285 Mich. 349 (280 NW 785) and continues: "A judgment or decree for the amount of such deficiency is called a 'deficiency judgment' or 'decree'. Phillips v. Union Central Life Ins. Co., C.C.A. Minn., 88 F2d 188, 189." Ga. L. 1935, p. 381, codified as *Code Ann.* §§ 37-608—37-611, is entitled, "Foreclosure sales; deficiency judgments," and the caption of the Act recites that its purposes are (1) to provide for confirmation of sales under foreclosure proceedings, (2) to limit and abate deficiency judgments on secured debts, and (3) to provide for the advertisement of foreclosure sales. *Code Ann.* § 37-608 lays down a condition precedent to obtaining a deficiency

judgment in cases where "any real estate is sold on foreclosure, without legal process, under powers contained in security deeds," and the sale does not cover the amount of the debt. On its face, therefore, it refers only to the foreclosure procedure. *Code Ann.* § 37-611 requires advertisement of the time and place of sale; this section and the Act generally were held unconstitutional in *Atlantic Loan Co. v. Peterson,* 181 Ga. 266 (182 SE 15) as to pre-existing contracts where the security deed contained contradictory provisions as to sale on default. The court in its explication pointed out that the Act was remedial in nature, adding: "In this case we have the promise to pay the debt as the primary obligation, and the power of sale as a remedy." P. 270. The method of exercising the power of sale, and the legal consequences of the sale itself, constitute the subject matter of the Act, and the remedy by sale will be taken to have satisfied the primary obligation unless the creditor conforms to the law by making a proper showing that the security in fact brought in its true market value, which is then credited against the primary obligation. There is nothing in this or any other law which says that the creditor may not, if he chooses, obtain satisfaction of the debt by reducing it to judgment and levying it on whatever property he chooses, whether or not it has been pledged as security for the particular debt evidenced by the note. The only defense to the actions on certain promissory notes sued on here attempted to be raised by the answers and pleas in abatement was that *Code Ann.* §§ 37-608—37-611 precluded the plaintiff from bringing the suit and seeking a general judgment until the secured property had been foreclosed on and this sale confirmed. Indubitably the position is untenable, and the trial court did not err in sustaining general demurrers to these defenses and thereafter entering up a default judgment in favor of the plaintiff.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JANUARY 6, 1966—DECIDED JANUARY 18, 1966.

*A. W. Cain, Jr.,* for appellants.
*Frank M. Gleason,* for appellee.