## 31510. TRUST INVESTMENT & DEVELOPMENT COMPANY, INC. et al. v. FIRST GEORGIA BANK.

HILL, Justice.

In a suit on a promissory note, the First Georgia Bank, holder of the note and the grantee of property in a deed to secure the note, obtained summary judgment against the Trust Investment & Development Co., Inc., as maker, and against Charles C. Wilson, as surety, in the amount of $60,000 principal, plus interest, attorney fees and court costs. A special lien was granted against the property described in the security deed.

The appellants contend that allowing judgment on a note secured by deed to secure debt is improper because it

permits avoidance of the statutory requirement that judicial confirmation of a foreclosure sale be obtained prior to seeking a deficiency judgment. The surety contends that by seeking the judgment in lieu of foreclosure, the holder has failed to reduce the surety's liability in the amount to be obtained through the sale of the security, so that the surety has been discharged. The appellants also contend that the corporate exception in our usury laws denies them equal protection of the law and that in any event the holder is attempting to collect a usurious rate of interest from the surety.

1. Citing the history of our confirmation requirement (Ga. L. 1935, p. 381; Code Ann. § 67-1503 et seq.), *Thompson v. Maslia,* 127 Ga. App. 758, 761 (195 SE2d 238) (1972)), appellants urge us to disapprove *Gentry v. Hibbler-Barnes Co.,* 113 Ga. App. 1 (147 SE2d 31) (1966), and repeal judicial foreclosure pursuant to Code §§ 67-1501, 67-1502. See Pindar, Ga. Real Est. Law, §§ 21-56, 21-91, 21-93. We refuse to do so.

The holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale. *Gentry v. Hibbler-Barnes Co.,* supra. See also *Oliver v. Slack,* 192 Ga. 7 (2) (14 SE2d 593) (1941).

2. The surety argues that when a creditor chooses to proceed to judgment against a surety without first foreclosing the property provided by the principal debtor as security, the surety's liability is thus increased and, the surety argues, he is discharged under Code Ann. § 103-203.[1] The bank replies that the contract of surety contains a waiver by the surety of any right to have the creditor proceed first by foreclosure. Although the contract gives the bank various rights, it contains no clear agreement by the surety to waive the right, if any exists, to have the creditor proceed first by foreclosure.

---

[1] It is important to distinguish two possibly related issues which are not decided in this case: (1) Whether a creditor can be required to proceed to judgment against the principal debtor before proceeding against the surety,

Acknowledging that there is no decision of this court in ᵥpoint, the surety urges that language in *Marshall v. Dixon,* 82 Ga. 435 (9 SE 167) (1889), supports his discharge. In *Marshall,* although the creditor repurchased the security, a horse, from the principal debtor and thereby extinguished, by merger, the purchase money mortgage formerly held by the creditor, the surety was not discharged. If the surety had then paid the debt, he would have been unable to assert the mortgage against the principal debtor by subrogation to the rights of the creditor. However, because the creditor had fairly reduced the liability of the debtor by the decreased value of the horse, which had been abused by the principal debtor, the surety "received the full benefit of the property" and thus was not injured. In the case before us, there is no indication that the surety will not receive the "full benefit of the property."

Similarly, the other cases cited by the surety (*Cloud v. Scarborough,* 3 Ga. App. 7 (2) (59 SE 202) (1907) (creditor failed to record the security agreement), and *Hartford Accident &c. Co. v. Mauney,* 66 Ga. App. 403 (17 SE2d 885) (1941) (creditor violated conditions of contract with principal debtor)) do not deal with the issue at hand.

When by agreement, the surety's obligation is conditioned upon the creditor's enforcement of security, the surety may be discharged by the creditor's failure to uphold the surety agreement. *Matheson v. Jones,* 30 Ga. 306 (1860); *Taylor v. Scott,* 62 Ga. 39 (1878). See also *Barrett v. Bass Bros. & Co.,* 105 Ga. 421 (31 SE 435) (1898). However, when no such agreement is found, the courts have not conditioned the creditor's right of recovery from the surety on his first using any security he may

---

see Code Ann. § 103-205; Restatement of Security, § 130 (1941); Stearns, Law of Suretyship § 6.38 (Elder's Rev., 5th Ed. 1951); and (2) whether a subsequent decrease in the value of the security held·by a creditor who seeks judgment without exercising his power of sale will discharge the surety to the extent of the decrease, see *Timmons v. Butler, Stevens & Co.,* 138 Ga. 69 (74 SE 784) (1912); *Hattaway v. First Nat. Bank,* 175 Ga. 144 (2) (165 SE 7) (1932); Restatement, supra, §§ 131, 132.

have to satisfy or reduce his claim. Restatement, supra, § 132, comment c; Stearns, supra, § 7.22. The surety in this case has not urged any special circumstances which would justify an exception in his favor, and therefore he presents no basis for holding that the creditor has increased the surety's liability by not exercising the power of sale.

3. Appellants contend that Code Ann. § 57-118, which allows a corporation to be charged a greater amount of interest than a natural person, violates equal protection requirements. Code Ann. § 57-118 is an exception to the general prohibition by the General Assembly of usurious interest rates; it provides that profit corporations may agree to pay interest on amounts exceeding $2,500 without regard to restrictions on usurious rates. Such statutes in other states have generally been held constitutional when challenged on equal protection grounds. See Annot., 63 ALR2d 924, 929 (1959).

The classification of profit corporations and the exception for this classification as provided by the General Assembly in Code Ann. § 57-118 is rational, promotes legitimate governmental ends and provides equal treatment of all within the class. The legislative determination that profit corporations do not need the protection of usury laws is reasonable. The exception is not a denial of equal protection. Griffith v. Connecticut, 218 U. S. 563 (31 SC 132, 54 LE 1151) (1910).

The surety argues that since he is not a profit corporation, he is not barred from asserting the defense of usury. The loan between the borrowing company and the bank was not usurious. A surety who vouches for the payment of a debt cannot avoid his obligation by claiming usury when as between the creditor and the principal debtor the loan is not usurious. See *Reynolds v. Service Loan & Co.*, 116 Ga. App. 740 (158 SE2d 309) (1967); *Waterman v. Howard Paper Co.*, 124 Ga. App. 511 (2) (184 SE2d 226) (1971).

We find no error in the grant of summary judgment. Appellee's motion for damages for delay pursuant to Code Ann. § 6-1801 is denied.

*Judgment affirmed. All the Justices concur, except Ingram, J., who is disqualified.*

ARGUED SEPTEMBER 21, 1976 — DECIDED JANUARY 28, 1977 —
REHEARING DENIED FEBRUARY 14, 1977.

*G. Robert Howard,* for appellants.
*Troutman, Sanders, Lockerman & Ashmore,
William G. McDaniel, John Grubb,* for appellee.