## 33156. BROWN v. ROOKS.

PER CURIAM.

The issues presented in this case are similar to those treated in the first division of this court's decision in *Trust*

*Invest. &c. Co. v. First Ga. Bank,* 238 Ga. 309 (232 SE2d 828) (1977). That decision held that a holder of a note who is also the grantee of a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed to secure debt. On the contrary, he may at his option elect to sue on the note and to exercise his rights pursuant to Code Ann. § 67-1501 or to exercise the power of sale, to seek judicial confirmation of the sale and to sue for deficiency pursuant to Code Ann. §§ 67-1503, 67-1504 and 67-1505.

In this case, the appellant-borrower adds the additional argument that Code Ann. § 67-1501 is constitutionally infirm in that the judgment of the trial court in favor of the appellee pursuant to Code Ann. § 67-1501 violates the equal protection and due process clauses of the United States and Georgia Constitutions. Appellant contends that proceeding by Code Ann. § 67-1501 results in an "illegal unfairness to the debtor" because there is no court supervision to assure that the debt is collected fairly as is assured by the confirmation aspects of Code Ann. §§ 67-1503, 67-1504 and 67-1505. Assuming, without deciding, that the constitutional issues are properly raised, there is no merit in the appellant's argument and the decision of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 7, 1978.

*Duard R. McDonald,* for appellant.
*J. Bruce Richardson,* for appellee.