## 42007. LOVELESS v. CONNER.

(333 SE2d 586)

BELL, Justice.

The issue presented by this appeal is whether the Superior Court of DeKalb County was authorized to set aside a judgment of the State Court of DeKalb County on the ground that publication of the state court calendar was legally insufficient notice of the trial date. We hold that the superior court was not authorized to set aside the judgment on that basis.

The controversy underlying this appeal began, for our purposes, when appellant Loveless sued appellee Conner and one other, Thiele, in the DeKalb State Court. Conner, a resident of Pulaski County, was served process and answered the complaint. Pursuant to DeKalb State Court procedure, the date scheduled for trial was entered on the court calendar, which was then published in the official organ of DeKalb County. The court clerk did not attempt to notify the parties by telephone or mail. Loveless and Thiele appeared in court on the date scheduled for trial, but Conner, whose attorney did not subscribe to the DeKalb County organ, did not appear.[1] The court entered judgment in favor of Loveless. Conner subsequently filed a complaint in equity in DeKalb Superior Court against Loveless and Thiele, seeking to set aside the judgment of the state court and to obtain damages. Loveless and Thiele answered, and counterclaimed for damages. The superior court judge held a trial on the merits, and entered judgment in favor of Conner, on the ground that this court's decision in *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979), mandated that Conner should have been actually notified of the trial date. Loveless appeals.[2]

---

[1] As with Conner, the clerk did not attempt to personally notify Loveless and Thiele of the trial date. Unlike Conner, they telephoned the clerk to learn the date.

[2] Conner's complaint consisted of several claims. The superior court's judgment granted relief only as to one of these claims, and implicitly denied the remaining theories of recovery.

Loveless contends that the holding of *Spyropoulos* is inapposite to a complaint in equity. We agree. In that decision, we held that a trial court is authorized to grant a motion to set aside under OCGA § 9-11-60 (d), or a new trial under OCGA § 9-11-60 (c), where the circumstances warrant such relief. Here, however, the superior court was not the court of rendition, and hence could not vacate the state court judgment pursuant to OCGA § 9-11-60 (c) or (d). OCGA § 9-11-60 (b). Thus, the holding of *Spyropoulos* is not support for the superior court's ruling in the instant case.

There remains the possibility that the superior court's judgment can be affirmed as having reached the right result pursuant to OCGA § 9-11-60 (e), which was the subsection relied upon by appellee. We hold in the negative. Evidence that the plaintiff in equity did not receive actual notice of a former lawsuit does not constitute "fraud, accident, mistake, or the acts of the adverse party," and hence is not a cognizable ground to vacate a judgment in a suit brought pursuant to OCGA § 9-11-60 (e). Accordingly, the superior court should not have set aside the state court's judgment, and we therefore must reverse the superior court's ruling.

Appellant makes several other arguments, but they are mooted by the foregoing holding.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

Donald E. Loveless, *pro se.*
H. Douglas Hanks, Delmar J. Conner, for appellee.

---

Conner has not cross-appealed the denial of the remainder of his complaint. The superior court's judgment also implicitly denied Loveless' counterclaim. Loveless does not enumerate that ruling as error. Thiele has not appealed the judgment.