A92A0552. JAMISON et al. v. BUTTON GWINNETT SAVINGS BANK, FSB.
(419 SE2d 91)

POPE, Judge.

Appellants/plaintiffs David K. Jamison and E. K. Jamison purchased land in Fulton County and built a house on it. Financing for the lot and construction of the house was provided by appellee/defendant Button Gwinnett Savings Bank, FSB (the "bank"). Plaintiffs

executed in favor of and delivered to the bank a promissory note (the "note") in the original principal amount of $434,000, which was secured by a deed to secure debt and security agreement (the "security deed"). The note and security deed were later modified. Plaintiffs subsequently defaulted on payments due pursuant to the note. The bank then accelerated the maturity of the note and declared the principal balance, accrued interest and late charges due. The bank did not seek to foreclose against the property.

Plaintiffs filed a complaint against the bank and certain other defendants. In the complaint, plaintiffs sought declaratory relief against the bank asking the trial court to declare that the bank's remedy, if any, against the plaintiffs was to foreclose against the subject property. The bank counterclaimed against the plaintiffs for the amount owing under the note. The bank also filed a motion for summary judgment on its counterclaim and motion to be dismissed as a defendant. The trial court granted both motions and plaintiffs appeal. The bank filed a motion pursuant to OCGA § 5-6-6 seeking to have this court award it damages against plaintiffs in an amount equal to ten percent of the judgment on the basis that this appeal was filed for delay only.

1. We hold that the trial court correctly granted the bank's motion for summary judgment and motion to be dismissed as a party. The law of this state is well-settled that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale. [Cits.]" *Trust Investment &c. v. First Ga. Bank*, 238 Ga. 309, 310 (1) (232 SE2d 828) (1977). We have reviewed the note and security deed and find nothing in those documents to support plaintiffs' contention that the bank was required to foreclose on the property first.

2. It does not appear that there was any valid reason for plaintiffs to anticipate reversal of the trial court's judgment. Plaintiffs attempted to distinguish this case from the *Trust Investment* decision and its progeny by insisting that there are special circumstances in this case, but plaintiffs failed to point out what those circumstances are. We conclude that this appeal was brought only for purposes of delay. Accordingly, we grant the bank's motion for ten percent damages for frivolous appeal pursuant to OCGA § 5-6-6. See *Covrig v. Miller,* 199 Ga. App. 864 (4) (406 SE2d 239) (1991); *United Controls v. Alpha Systems,* 195 Ga. App. 331 (393 SE2d 694) (1990). The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed with direction. Carley, P. J., and Johnson, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, plaintiffs urge that both the trial court and this court have failed to address the principal issue in this case, i.e., that there are special circumstances existing in this case that justify an exception to the general rule stated in *Trust Investment &c. v. First Ga. Bank*, 238 Ga. 309 (232 SE2d 828) (1977). As we noted in the original opinion, however, although plaintiffs have consistently argued there are "special circumstances" existing in this case, they have failed to specify what these special circumstances are.

Plaintiffs also urge that an award of ten percent damages for frivolous appeal is inappropriate in this case because their action against defendant was for declaratory relief. If the judgment rendered by the trial court only dealt with plaintiffs' claim against the defendant their argument would be meritorious. In this case, however, the bank counterclaimed against plaintiffs for the amount owing under the note. In the final judgment in this case, the trial court not only granted defendant's motion for summary judgment as to plaintiffs' claim against it, but also granted defendant summary judgment on its counterclaim against plaintiffs for the amount owing under the note in total amount of $509,428.28. That award was clearly a sum certain within the meaning of OCGA § 5-6-6.

*Motion for reconsideration denied.*

DECIDED MAY 7, 1992 —
RECONSIDERATION DENIED MAY 27, 1992.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Jeffrey F. Leasendale,* for appellants.

*Schreeder, Wheeler & Flint, Warren O. Wheeler, Debra A. Wilson,* for appellee.