A93A1231. BOWEN v. TUCKER FEDERAL SAVINGS & LOAN ASSOCIATION.
(438 SE2d 121)

SMITH, Judge.

Tucker Federal Savings & Loan Association ("the bank") brought suit against K. C. Bowen on ten promissory notes executed by Bowen in its favor. Bowen appeals from the trial court's grant of summary judgment to the bank

The sole issue in this appeal is whether the lender may accelerate a debt and bring suit on a note when the default is not a failure to pay according to the terms of the note, but rather a breach of other terms of the security deed.

The record reveals that Bowen executed the notes in 1986. Each note was for the principal amount of $50,000, and all had identical terms. Contemporaneously with the execution of the notes, he executed ten security deeds, securing each note with a separate unit in a condominium complex he owned in Gwinnett County. In 1991, Bowen failed to pay state and county ad valorem taxes on the condominium

properties. After informing Bowen of this failure, which Bowen did not cure, the bank advanced the funds to pay the taxes and notified Bowen that it was exercising its right, under the terms of the security deeds, to accelerate the balances of the notes. The bank then filed this action on the notes.

1. Paragraph 4 of the security deeds clearly requires the borrower to pay all taxes on the property securing the debt. Bowen does not dispute that his failure to pay the taxes on the properties was a breach of the terms of the security deeds. He contends, however, that the trial court erred in granting summary judgment to the bank because his failure to pay taxes was not an event of default under the terms of the notes, and a breach of the terms of the security deeds may be remedied only by foreclosure. We disagree and affirm.

The notes themselves show the parties contemplated that the terms of the security deeds would also govern the conditions prompting acceleration of the debt. In paragraph 12 of each note, Bowen acknowledged that "[i]n addition to the protections given to the Note Holder under this note, a . . . Deed to Secure Debt (the 'Security Instrument') with an Adjustable Rate rider, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I made in this Note. That Security Instrument and Rider describe how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note." The security deeds further provide, in paragraph 19, that the bank at its option may accelerate the secured debts without further demand, upon a breach of any term of the security deeds. That paragraph also allows the bank, after acceleration, to "invoke the power of sale granted by Borrower and *any other remedies permitted by applicable law*." (Emphasis supplied.)

It is established law in Georgia that although the holder of a note who is also the grantee of a security deed has the right to exercise the power of sale in the security deed upon default, he is not required to do so. He may sue on the note without instituting foreclosure proceedings. *Jamison v. Button Gwinnett Savings Bank*, 204 Ga. App. 341, 342 (1) (419 SE2d 91) (1992). Because the notes incorporate by reference the acceleration clause in the security deeds and a suit on the note is a "remed[y] permitted by applicable law" that the bank was authorized to use under the terms of the security deeds, the trial court correctly granted summary judgment in favor of the bank.

2. Independent of authority in the security deeds for the bank's suit on the notes, another reason supports the trial court's grant of summary judgment for the bank. The record shows that on a prior occasion, Bowen had been in default in payment of the notes. He was represented by counsel, who negotiated an agreement under which the default would be cured by paying the amounts due and executing

an instrument captioned "Reinstatement Agreement." Paragraph 3 of the Reinstatement Agreement provides in pertinent part as follows: "Borrower [Bowen] understands and acknowledges and agrees that upon any future default in the terms of the original notes, security deeds, or other loan agreements, Lender shall have all rights and remedies under the terms of same provided by Georgia Law, including, but not limited to, acceleration, suit upon the notes in a court of law or foreclosure of said properties." This agreement was supported by consideration, and constitutes a valid modification and/or addition to the original instruments. See generally *Aetna Cas. &c. Co. v. Valdosta Fed. &c. Assn.*, 175 Ga. App. 614, 617 (2) (333 SE2d 849) (1985). Its terms clearly authorize the bank's suit on the notes.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 3, 1993.

*Webb, Tanner & Powell, Anthony O. L. Powell, Ralph L. Taylor III*, for appellant.
*Walter C. Alford*, for appellee.