A95A2533. STEWART et al. v. DIEHL.
(466 SE2d 913)

McMURRAY, Presiding Judge.

By warranty deed, plaintiff Donna Diehl conveyed real property to defendant Sandra D. Stewart. The property was subject to an existing first mortgage, "which indebtedness Grantee [Sandra D. Stewart . . .] assume[d] and agree[d] to pay." Sandra D. Stewart and her mother, defendant Frances Louise Helms, also signed a purchase money promissory note, representing a "second mortgage," in the principal amount of $6,000. This note was secured by a purchase money security deed to the property, and provided for a default "[s]hould any installment not be paid when due, or should the undersigned [defendants] fail to comply with any of the terms of [the] Purchase Money Security Deed[.]" The purchase money security deed that defendant Sandra D. Stewart gave to plaintiff in turn provided that: "This conveyance is subject to an outstanding Security Deed from Donna B. Diehl to Congressional Mortgage Corporation of Georgia dated July 28, 1986, in the original principal amount of $57,200.00. . . . Any default under the terms of said loan shall constitute a default hereunder. Additionally, any failure to pay the condominium assessments on the above property shall constitute a default hereunder."

Plaintiff subsequently brought this action on the purchase money promissory note alleging that defendants were in default for "failing to make any mortgage payments since the purchase of the property on the first mortgage or to pay the condominium association fees or special assessment fees." Defendants' pro se answer denied default, averring that "being behind on a first mortgage does not cause default on a second mortgage[, . . . and further showing that] the first mort-

gage is being assigned to HUD to help me with my payments." In response to requests for admissions, however, defendants' only reply was: "1. The property has been sold, due to close in January." As a consequence, each defendant admitted that "the Purchase Money Deed dated May 12, 1994, . . . is true, correct and genuine and that the signatures were placed on it on the day indicated[; that] as of September 13, 1994, [both] Defendant, Sandra D. Stewart [and defendant Frances Louise Helms], had not made payments for the months of June, July, August and September to the first mortgagee, Sunbelt National Mortgage [and . . . that she] had not made payments for the months of June, July, August and September to the condominium association . . . for special assessments [. . . nor] for the monthly association dues of $120.00 per month."

Based on this prima facie case of indebtedness, plaintiff moved for summary judgment. Defendants, represented by counsel, opposed the motion, relying on a contractual provision that ostensibly forgave the note: "[I]f the undersigned[, i.e., defendants] within 9 months from the date hereof is able to refinance and pay off the existing first mortgage with Sunbelt National Mortgage Corporation, . . . or to qualify to assume said loan and release Creditor [i.e., plaintiff] from any liability on said loan, then Creditor agrees to cancel this Note in full at that time without any further payment, to satisfy and cancel the Purchase Money Security Deed executed to secure this Note." Defendants also submitted the affidavit of Sandra D. Stewart, who deposed that she had "only been served with the Demand for Payment of Note[, . . . and never had] been served with any Notice of Confirmation," Notice of Foreclosure or any other attempt to foreclose upon the real property securing the second mortgage. They argued that plaintiff should have foreclosed first because the value of the real property would cover any notes due from defendants to plaintiff and so plaintiff would be "relieved from liability upon the note and therefore the note discharged."

The trial court granted plaintiff's motion for summary judgment and this appeal followed. *Held*:

In their sole enumeration, defendants contend the trial court's grant of summary judgment "on Plaintiff/Appellee's suit on a note violated the provisions of the Georgia Confirmation Statute, O.C.G.A. 44-14-162."

"The holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale. *Gentry v. Hibbler-Barnes Co.*, [113 Ga. App. 1 (1) (147 SE2d 31)]. See also *Oliver v. Slack*, 192 Ga. 7 (2) (14 SE2d 593) (1941)." *Trust Investment &c. Co. v. First Ga. Bank*, 238 Ga. 309, 310 (1) (232 SE2d 828). The debtor "cannot force [the secured creditor] to accept the

property in satisfaction of the debt. [Cits.]" *American Mini-Storage &c. v. Investguard,* 196 Ga. App. 862, 863 (2) (397 SE2d 199). Consequently, the secured lender's "failure to foreclose on the . . . security deed [and related failure to seek confirmation under OCGA § 44-14-161 et seq. does not] raise an issuable defense since the option to sue on the note was one of several remedies available to [plaintiff Donna Diehl]. *Brown v. Rooks,* 240 Ga. 674 (242 SE2d 128)." *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, 330 (268 SE2d 384). "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." OCGA § 11-3-307 (2). By her production of the note and the admissions deemed to have been made by defendants in the case sub judice, plaintiff "presented a prima facie case that [she] was entitled to judgment on the promissory note, and [since defendants did not seek to withdraw their admissions, they consequently] failed to come forward with evidence sufficient to create an issue of fact to be decided by a jury." *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, 330, supra. The trial court correctly granted plaintiff's motion for summary judgment over defendants' contention that the instant action on a note secured by real property was actually a deficiency action subject to the confirmation procedures of OCGA § 44-14-161.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

*Douglas R. Daum,* for appellants.
*Susan H. Irwin,* for appellee.