A10A1500. THE RIVER FARM, LLC et al. v. SUNTRUST BANK.
(699 SE2d 771)

ANDREWS, Presiding Judge.

This appeal concerns The River Farm, LLC's promissory note for $1,400,000 in favor of First National Bank of the South (FNB), SunTrust Bank's predecessor-in-interest. The note was secured by a deed for property in Morgan County and by Tom E. Dupree's guarantee. The trial court granted SunTrust summary judgment on the note. On appeal, as below, The River Farm and Dupree concede that they executed the note and the guarantee respectively. Instead, they argue that their inability to pay any substantial part of the note amounts to "special circumstances" requiring the application of the procedures, including judicial approval, detailed in the confirmation statute, OCGA § 44-14-161. We disagree.

As appellants know, a creditor who holds a promissory note secured by a deed may either sue on the note, foreclose on the deed, or both. *Taylor v. Thompson,* 158 Ga. App. 671, 672 (282 SE2d 157) (1981). As the Supreme Court of Georgia put the matter more than a century ago, "[t]he only real defense to the action is to pay up the debt." *Dykes v. McVay,* 67 Ga. 502, 505 (1881) (affirming plaintiff's verdict for ejectment after plaintiff had already obtained a judgment on a note secured by the land); see also *Jamison v. Button Gwinnett Savings Bank,* 204 Ga. App. 341, 343 (419 SE2d 91) (1992) (appellant debtors failed to specify any "special circumstances" sufficient to bar a creditor from suing under a note rather than foreclosing on the collateral property).

As appellants also know, the Supreme Court of Georgia rejected the application of the confirmation statute to proceedings involving a note in *Mobley v. Commonwealth Mtg. Assurance Co.,* 264 Ga. 652 (450 SE2d 205) (1994), which confirmed this Court's decision in *Turner v. Commonwealth Mtg. Assurance Co.,* 207 Ga. App. 428 (428 SE2d 398) (1993), as follows:

> [T]here is no evidence in this case of any "side dealings between the lender and the guarantor (which) constituted a deliberate subterfuge of the confirmation statute," *Turner,* 207 Ga. App. at 430. . . . Furthermore, as the Court of Appeals noted in *Turner,* "(t)he confirmation statute is in derogation of the common law and must be strictly construed." *Turner,* 207 Ga. App. at 429. Clearly, when strictly construed the language of the statute does not prevent

recovery of an independent contractual debt, not a deficiency, voluntarily assumed. Only the legislature may extend the confirmation-of-sale statute to apply to independent contractual obligations.

264 Ga. at 654. Any effort to overturn this result must be addressed to the legislature or our Supreme Court, and not to this Court.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED JULY 21, 2010 — 

*Cohen, Pollock, Merlin & Small, Gus H. Small, Jr., Brent W. Herrin*, for appellants.

*Arnall, Golden & Gregory, Matthew T. Covell*, for appellee.