## A10A1233. DuPREE v. SUNTRUST BANK.

(699 SE2d 846)

MIKELL, Judge.

Tom E. DuPree, Jr., appeals from the grant of summary judgment to SunTrust Bank in its action on a promissory note executed by DuPree on May 10, 2008, in the amount of $420,000. The note was secured by three tracts of land, as evidenced by the Commercial Security Agreement and security deed executed in connection with the note. DuPree admits that he failed to pay the note when it became due, and he asserts no defense to nonpayment. He contends, however, that the Bank should be required to foreclose on the collateral first instead of suing him on the note to recover damages for nonpayment. DuPree argues that "special circumstances" exist in this case, namely, his financial inability to pay the note, that justify a deviation from the well-settled rule that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale."[1]

DuPree argues that this Court implied in *Jamison v. Button Gwinnett Savings Bank*[2] that there may be "special circumstances" that limit the application of the rule giving the creditor a choice of remedies when the debtor defaults on a note secured by a deed. DuPree misinterprets *Jamison*. In that case, after reciting the general rule as set out by our Supreme Court in *Trust Investment & Dev. Co.*,[3] we reviewed the note and security deed and found nothing therein supporting the debtors' contention that the bank was required to foreclose on the secured property before suing on the note.[4] In so doing, we noted that although the debtors argued that special circumstances existed warranting a deviation from the general rule, the debtors failed to identify any such circumstances.[5] As a result, we imposed a frivolous appeal penalty, concluding that the appeal had been brought for the purpose of delay only.[6] We did not imply that there may be special circumstances that limit the appli-

---

[1] (Citations omitted.) *Trust Investment &c. Co. v. First Ga. Bank*, 238 Ga. 309, 310 (1) (232 SE2d 828) (1977). Accord *Brown v. Rooks*, 240 Ga. 674, 675 (242 SE2d 128) (1978); *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999); *Bowen v. Tucker Fed. Sav. & Loan Assn.*, 210 Ga. App. 764, 765 (1) (438 SE2d 121) (1993); *Jamison v. Button Gwinnett Savings Bank*, 204 Ga. App. 341, 342 (1) (419 SE2d 91) (1992); *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1, 2 (2) (147 SE2d 31) (1966).

[2] Supra.

[3] Supra.

[4] *Jamison*, supra at 342 (1).

[5] Id. at 343 (on motion for reconsideration).

[6] Id. at 342 (2).

cation of the choice of remedies rule; we merely acknowledged the debtors' argument.[7]

We now reiterate the rule for the benefit of the bench and bar:

> [a] creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or "pursue both remedies concurrently until the debt is satisfied."[8]

In the case sub judice, the Bank established a prima facie right to judgment as a matter of law,[9] and DuPree asserted no valid defense. The Bank was thus entitled to elect its remedy to cure the default.[10] Accordingly, the trial court did not err in granting the Bank's motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 4, 2010 — 

*Cohen, Pollock, Merlin & Small, Gus H. Small, Jr.,* for appellant.
*Arnall, Golden & Gregory, Matthew T. Covell, Brent W. Herrin,* for appellee.

---

[7] Id. at 343 (on motion for reconsideration).

[8] (Citations and punctuation omitted.) *Oliver v. Slack*, 192 Ga. 7, 8 (2) (14 SE2d 593) (1941). Accord *Taylor v. Thompson*, 158 Ga. App. 671, 672 (282 SE2d 157) (1981); *Marler v. Rockmart Bank*, 146 Ga. App. 548, 549-550 (246 SE2d 731) (1978).

[9] See *Vandegriff*, supra; OCGA § 11-3-308.

[10] *Vandegriff*, supra.