### A10A1512. REESE DEVELOPERS, INC. et al. v. FIRST STATE BANK.
(701 SE2d 505)

MCMURRAY, Senior Appellate Judge.

Reese Developers, Inc. and Thomas D. Reese (collectively "the Reese debtors") appeal from a grant of summary judgment to First

---

14

State Bank, a secured creditor that brought an action for payment on a promissory note and guaranty. In their sole enumeration of error, the Reese debtors contend that the Bank should have been required to foreclose on the property securing the debt before pursuing a judgment on the note. While acknowledging that as a general rule, the Bank is entitled to its choice of remedies, the Reese debtors argue that special circumstances exist which justify an exception in this case. We are unpersuaded and affirm.

The following facts are undisputed. On February 11, 2008, Reese Developers executed a promissory note in favor of the Bank in the principal amount of $4,163,800 based upon a renewal of a prior loan. Under the terms of the note, Reese Developers agreed to repay the principal amount of the debt, with interest accruing at a variable rate per annum. The note was separately secured by a deed to secure debt, which pledged as collateral a 196.62-acre tract of land located on Snapping Shoals Road in Henry County, and a personal guaranty for repayment executed by Thomas D. Reese.

The Reese debtors subsequently defaulted on the note and guaranty. The Bank filed suit against the Reese debtors to obtain a judgment on the note, plus interest, late fees, attorney fees and court costs. In their answer to the complaint, the Reese debtors admitted the indebtedness, but claimed that the Bank was required to foreclose on the property securing the debt and obtain judicial confirmation of the foreclosure sale prior to seeking a judgment. The Bank filed a motion for summary judgment, which the trial court granted. We discern no error.

The law of this state is well settled that a secured creditor is vested with an election of remedies and "may, either consecutively or concurrently, pursue any number of consistent remedies to enforce the payment of a debt until it is satisfied." *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1 (1) (147 SE2d 31) (1966). "[U]pon default in payment[,] the creditor may elect to sue the debtor on the note, without exercising the power of sale, or he may do either. Also he may pursue both remedies concurrently until the debt is satisfied." *Equitable Life Assurance Society v. Pattillo*, 37 Ga. App. 398, 400 (140 SE 403) (1927). There is no legal requirement that precludes a secured creditor from obtaining a judgment on the note and levying upon the debtor's property, rather than foreclosing upon the property securing the debt in the first instance.[1] See *Gentry*, 113 Ga. App. at 2 (2).

---

[1] The Reese debtors do not allege that the loan documents otherwise imposed a contractual requirement that the Bank foreclose on the property securing the debt. The security deed has not been included in the appellate record for our review. Nevertheless, the note provided that in the event of a default, the Bank's remedies included, but were not limited to, the right to "demand immediate payment of all [amounts] owe[d]" and "any remedy [the

The Reese debtors nonetheless argue that allowing a judgment on a note secured by a deed to secure debt would unjustly permit the Bank to avoid the debtor protections afforded under Georgia's confirmation statute, which requires that judicial confirmation of a foreclosure sale be obtained prior to seeking a deficiency judgment. See OCGA § 44-14-161 (a). This argument is unavailing. In *Trust Investment &c. v. First Ga. Bank*, 238 Ga. 309, 310 (1) (232 SE2d 828) (1977), the Supreme Court of Georgia rejected this policy argument and reaffirmed the established rule that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale." Id. See also *Jamison v. Button Gwinnett Sav. Bank*, 204 Ga. App. 341, 342 (1) (419 SE2d 91) (1992). It is thus clear that

> [t]he debtor cannot force the secured creditor to accept the property in satisfaction of the debt. Consequently, the secured [creditor's] failure to foreclose on the security deed[,] and related failure to seek confirmation under OCGA § 44-14-161 et seq.[,] does not raise an issuable defense since the option to sue on the note was one of several remedies available to [Bank].

(Citations and punctuation omitted.) *Stewart v. Diehl*, 219 Ga. App. 821, 822-823 (466 SE2d 913) (1996). See *Jamison*, 204 Ga. App. at 342 (1); *Taylor v. Thompson*, 158 Ga. App. 671, 672-673 (282 SE2d 157) (1981).

While the Reese debtors further claim that special circumstances exist which justify an exception to the established rule in this case, this claim likewise is without merit. In support of their claim, the Reese debtors allege that they cannot pay the debt owed under the note, and thus, the Bank must levy on the property to obtain any significant recovery. Based upon these circumstances, the Reese debtors contend that the choice of remedy is merely illusory. But, the alleged financial inability to pay the debt cannot serve as a special circumstance, because presumably, most, if not all, defaulting debtors are in the same situation. And, even if it is true that the Bank ultimately may need to levy on the property to satisfy the judgment, such does not constitute a special circumstance. See *The River Farm v. SunTrust Bank*, 305 Ga. App. 337 (699 SE2d 771) (2010). Nothing precludes a creditor from obtaining satisfaction of the debt

---

Bank had] under state or federal law." The note further stated that "[b]y selecting any one or more of these remedies[, the Bank did] not give up [its] right to later use any other remedy."

by reducing it to judgment and levying on whatever property he chooses, including the property pledged as security for the debt. See *Gentry*, 113 Ga. App. at 2 (2). Consequently, no special circumstances have been shown to justify departure from the established rule in this case. The trial court's decision granting summary judgment in favor of the Bank on its suit on the promissory note and guaranty was proper. See *Trust Investment*, 238 Ga. at 310 (1); *The River Farm*, 305 Ga. App. at 337; *Stewart*, 219 Ga. App. at 822-823; *Jamison*, 204 Ga. App. at 342 (1).

 *Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 10, 2010.

 *Cohen, Pollock, Merlin & Small, Gus H. Small, Jr., Brent W. Herrin,* for appellants.
 *Stites & Harbison, J. D. Humphries III, Ron C. Bingham II, Kenneth B. Franklin,* for appellee.