**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 30, 2013**

# In the Court of Appeals of Georgia

A13A1103.  CASAS-RODRIGUEZ  v.  COSMOPOLITAN  ON LINDBERGH CONDOMINIUM ASSOCIATION, INC.

MCFADDEN, Judge.

Luisa F. Casas-Rodriguez appeals the final order awarding damages to Cosmopolitan on Lindbergh Condominium Association, Inc. and allowing the association to foreclose its lien on her condominium unit. She argues that the trial court erred when it awarded the association attorney fees incurred before she filed a bankruptcy petition; that the association should have pursued relief in her bankruptcy proceeding, rather than waiting until the bankruptcy had ended; and that the trial court erred by denying her claim for attorney fees and punitive damages for the association's alleged violation of the bankruptcy automatic stay. We conclude that the trial court correctly calculated the amount of the association's lien to include pre-

petition attorney fees; that the association was not required to seek relief in the bankruptcy proceeding; and that the Bankruptcy Code preempts Casa-Rodriguez's claim for alleged violations of the automatic stay. We therefore affirm.

Casa-Rodriguez owned a unit in the Cosmopolitan on Lindbergh Condominiums. On July 23, 2010, she filed a Chapter 7 bankruptcy petition. On January 21, 2011, she was granted discharge. On May 31, 2011, the association filed the instant complaint, seeking a judgment against Casas-Rodriguez personally for condominium assessments, late fees, interest and attorney fees. It also sought to foreclose on its statutory lien. See OCGA § 44-3-109 (a) (creating liens in favor of condominium associations for sums lawfully assessed against units and unit owners). Casas-Rodriguez answered and filed a counterclaim, alleging, among other things, that the association violated the automatic stay of her bankruptcy.

The association moved for summary judgment, seeking judgment against Casas-Rodriguez personally for $13,049.35 in amounts incurred after the filing of her bankruptcy petition. It also sought to foreclose its lien, which it valued at $20,995.49. The trial court granted the association partial summary judgment, but ruled that it would conduct a hearing on damages. After conducting a hearing at which the association presented evidence, the trial court entered judgment for the association

2

in the amount of $8,211.77 against Casas-Rodriguez. It ruled that the association could foreclose its lien, which the trial court valued at $15,342.36. Casas-Rodriguez then filed this appeal.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *Hall v. Town Creek Neighborhood Assn.*, 320 Ga. App. 897 (740 SE2d 816) (2013) (citation and punctuation omitted). "And on appeal from a bench trial, we apply a de novo standard of review to questions of law decided by the trial court." *Antonios v. Gwinnett Clinic*, 294 Ga. App. 101, 102 (1) (668 SE2d 531) (2008).

1. *The trial court did not err by including pre-petition attorney fees in its caluation of the amount of the association's lien.*

Casas-Rodriguez argues that the trial court erred when it awarded the association pre-petition attorney fees. The trial court's judgment expressly awarded only post-bankruptcy attorney fees against Casas-Rodriguez personally. But its calculation of the amount of the statutory lien included pre-petition attorney fees. This was proper.

The bankruptcy discharge had no impact on the association's right to enforce its lien. "[B]ankruptcy discharge extinguishes only one mode of enforcing a claim --

3

namely, an action against the debtor in personam -- while leaving intact another -- namely, an action against the debtor in rem." *Johnson v. Home State Bank*, 501 U. S. 78, 84 (111 SCt 2150, 115 LEd2d 66) (1991).

> A discharge in bankruptcy "voids any judgment … to the extent that such judgment is a determination of the personal liability of the debtor." 11 U.S.C. § 524 (a) (1). However discharges in bankruptcy do not affect liability in rem. Thus, liens on property remain enforceable after discharge unless avoidable under the Bankruptcy Code[, which Casas-Rodriguez does not argue].

*Holloway v. John Hancock Mut. Life Ins. Co.*, 81 F. 3d 1062, 1063 n. 1 (11th Cir. 1996) (punctuation omitted.) And the condominium documents expressly provide that "[a]ll assessments and charges, together with interest . . . late charges as determined by Board resolution, costs, and reasonable attorneys' fees, shall be the personal obligation of each Owner *and a lien upon each Unit until paid in full.*" (Emphasis supplied.) They also provide that "the [a]ssociation shall have an automatic lien against each [u]nit to secure payment of delinquent assessments as well as interest, late charges, and costs of collection (including attorneys' fees and court costs)." Likewise, OCGA § 44-3-109 (b) (3) of the Georgia Condominium Act provides, "[t]o the extent that the condominium instruments provide, the personal obligation of the

4

unit owner and the lien for assessments shall . . . include . . . [t]he costs of collection, including court costs, the expenses of sale, any expenses required for the protection and preservation of the unit, and reasonable attorney's fees actually incurred." Consequently, under the condominium documents and the statute, the trial court did not err by including pre-petition attorney fees in calculating the amount of the lien, an obligation that was not discharged in bankruptcy.

2. *The association was not required to pursue its claim in the bankruptcy proceeding.*

Casas-Rodriguez argues that the association should have acted in the bankruptcy proceeding to foreclose its lien instead of waiting until after her discharge, in order to minimize the amount of assessments and attorney fees she had to pay. The only authority she cites, *Roche v. Pep Boys*, 361 B.R. 615, (N.D. Ga. 2005), does not stand for the proposition that a creditor must pursue its claim in the bankruptcy proceeding. Instead, that case concerned whether a creditor's failure to dismiss a pre-petition bank garnishment wilfully violated the automatic stay. "The law of this state is well settled that a secured creditor is vested with an election of remedies and may, either consecutively or concurrently, pursue any number of consistent remedies to enforce the payment of a debt until it is satisfied." *Reese*

5

*Developers, Inc. v. First State Bank*, 306 Ga. App. 13, 14 (701 SE2d 505) (2010) (citation and punctuation omitted).

3. *Casas-Rodriguez's claim for the alleged violation of the automatic bankruptcy stay.*

Casas-Rodriguez argues that she is entitled to recover attorney fees and punitive damages due to the association's wilful violation of the automatic bankruptcy stay. The trial court implicitly denied her counterclaim for such. See *Loveless v. Conner*, 254 Ga. 663 n. 2 (333 SE2d 586) (1985).

Pretermitting whether the association took any action in violation of the automatic stay, the bankruptcy code "preempts [Casas-Rodriguez's] state law claims against [the association] for the actions they [allegedly] took in violation of [her] bankruptcy stay." *Smith v. Mitchell Constr. Co.*, 225 Ga. App. 383, 386 (2) (481 SE2d 558) (1997).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*